## B. G. HARBISON V. W. L. MCMURRAY ET AL.

Motion No. 15302. Cause No. 7680. Decided January 21, 1942.
(158 S. W. 2d Series, 284.)

*McEntire & Shank, Eckford & McMahon,* and *James H. Walker,* all of Dallas, for plaintiff in error.

*Wilbur T. Knape,* of Dallas, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the court.

ON MOTION FOR REHEARING:

On November 19, 1941, we delivered an opinion and rendered a judgment affirming the judgment of the Court of Civil Appeals in this cause. The cause is now before us on motion for rehearing, filed by B. G. Harbison, plaintiff in error. We have reached the conclusion that we were in error in our former judgment and in some of the holdings in our former opinion. We therefore withdraw such opinion and order that it be not published. We substitute therefor the following opinion:

This is a habeas corpus proceeding, begun ex parte in the District Court of Rusk County, Texas, by B. G. Harbison to secure his release from alleged illegal confinement and restraint.

It appears that a commission was issued out of the District Court of Rusk County, Texas, to take the depositions of Harbison in certain civil suits there pending. Such commission was placed in the hands of G. S. Jones, a notary public of such county, with the request that he take Harbison's depositions. Harbison was summoned, and duly appeared before Jones as

a notary public, but refused to answer the questions propounded to him. Jones, as notary public, then and there orally adjudged Harbison in contempt, ordered him to jail, and fined him $100.00 Jones, as notary public, also issued a written commitment, which was placed in the hands of W. L. McMurray, Sheriff of Rusk County, Texas. Acting on such commitment, McMurray arrested Harbison, and placed him in the Rusk County jail. After the happening of the above events, Harbison sued out a writ of habeas corpus in the district court. The application stated that relator was illegally restrained of his liberty by Jones as notary and McMurray as sheriff. On final trial in the district court, Harbison was denied any relief from restraint, and was remanded to the custody of the sheriff. Harbison appealed to the Court of Civil Appeals, but on final hearing in that court the appeal was dismissed, on the ground that the court had no jurisdiction. 132 S. W. (2d) 916. The case is in this Court on writ of error granted on application for Harbison.

Before proceeding further we deem it expedient to quote the pertinent provisions of Sections 5 and 6 of Article V of our Constitution and Articles 1819, 2249, 2265, 2270, and 3748 of our Revised Civil Statutes.

Section 5 of Article V of our State Constitution, so far as pertinent here, reads as follows:

"Sec. 5. The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law. * * *"

Section 6 of Article V of our State Constitution, so far as pertinent here, reads as follows:

"Sec. 6. * * * Said Court of Civil Appeals shall have appellate jurisdiction * * * which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * *"

The above-mentioned Articles of our Civil Statutes read as follows:

"Art. 1819.—The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits

of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs."

"Art. 2249.—An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs."

"Art. 2265.—The appellant or plaintiff in error, as the case may be, shall execute a bond to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable amount of the costs of the court below, the Court of Civil Appeals, and the Supreme Court, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court."

"Art. 2270.—An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

"Art. 3748.—If the witness, after being duly summoned, shall fail to appear, or, having appeared, shall refuse to answer the interrogatories, such officer shall have power to issue an attachment against such witness and to fine and imprison him in like manner as the district and county courts are empowered to do in like cases."

It appears that, in attempting to punish Harbison for contempt, Jones, as a notary public, was acting under Article

3748, supra. In this proceeding Harbison is attacking the validity of Jones' acts on various grounds.

■ Section 5 of Article V of our Constitution, supra, places the appellate jurisdiction of "all criminal cases" in this State in the Court of Criminal Appeals, "with such exceptions and under such regulations as may be prescribed by law." Section 6 of Article V of our Constitution, supra, places the appellate jurisdiction of all "civil cases" of which the district courts or county courts have original or appellate jurisdiction in the Courts of Civil Appeals, under such restrictions and regulations as may be prescribed by law. It is thus seen that, generally speaking, cases which may be appealed are divided into two general classes, "criminal cases" and "civil cases."

■ As already stated, the appellate jurisdiction of the Court of Civil Appeals is confined by Section 6 of Article V of our Constitution to "civil cases." Also, as already shown, the appellate jurisdiction of the Courts of Civil Appeals in "civil cases" is not unlimited or absolute, but is subject to control by the Legislature. This must be so because it is provided that such jurisdiction is "under such restrictions and regulations as may be prescribed by law."

By enactment of Article 2249, supra, the Legislature has provided by law for appeal to the Courts of Civil Appeals from all final judgments of the district courts in "civil cases." Of course, Article 2249 must be read in conjunction with Articles 1819, 2265, and 2270, supra. Article 1819 has effect to restrict the appellate jurisdiction of the Courts of Civil Appeals in certain civil cases. Article 1819 does not apply restrictively here. It follows that, since this is an appeal from the final judgment of a district court, the Court of Civil Appeals has jurisdiction, if this case should be classed as a "civil case" within the meaning of Section 6 of Article V of our State Constitution, supra, and Article 2249 of our civil statutes, supra.

■ It is the rule in our federal courts, and in those States which do not divide the jurisdiction of their appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy, as distinguished from a criminal remedy or proceeding, and that regardless of whether the prisoner is detained under civil or criminal process. 29 C. J., p. 8 (see Note 18 for numerous authorities) ; 25 Amer. Jur., p. 151, sec.

12; 12 R. C. L., p. 1184, sec. 7; Ex parte Tom Tong, 108 U. S. 556, 27 L. Ed. 826; Cross v. Burke, 146 U. S. 82, 36 L. Ed. 896; State ex rel. George Durner v. Huegin, 110 Wis. 189, 62 L. R. A. 700; People ex rel. Carr v. Murray, 357 Ill. 326, 192 N. E. 198; Winnovich v. Emery, 33 Utah 345, 93 Pac. 988. Since habeas corpus cases or proceedings are regarded as civil, as distinguished from criminal remedies or proceedings, in those jurisdictions which do not divide the jurisdiction of their appellate courts, as regard criminal and civil cases, we think that in this State, where such division is made, appeals in habeas corpus cases or proceedings growing out of civil proceedings or cases should be classified as "civil cases" within the meaning of Section 6 of Article V of our State Constitution and Article 2249 of our civil statutes.

■ It will be noted that, in order to appeal a civil case, the appellant or plaintiff in error must file an appeal bond, payable to the appellee or defendant in error. Article 2265, supra. If the appellant or plaintiff in error desires to suspend the execution of the judgment, pending appeal, he may do so by filing a supersedeas bond, payable to the appellee or defendant in error. Article 2270, supra. We think that in habeas corpus proceedings, growing out of civil cases or proceedings, these statutes can be complied with by the appellant or plaintiff in error filing his bond payable to the person charged with the wrong of depriving the appellant or plaintiff in error of his liberty. 12 R. C. L., supra; Winnovich v. Emery, supra; Cross v. Burk, supra; State ex rel. Durner v. Huegin, supra. Harbison filed an appeal bond in this cause payable to Jones and McMurray.

In 12 R. C. L., supra, the law is announced as follows:

"The weight of authority is to the effect that habeas corpus is in its nature a civil, rather than a criminal proceeding, in which the party seeking to establish his right to personal liberty is plaintiff, and the person charged with the wrong is an adverse party, to all intents and purposes a defendant."

In Winnovich v. Emery, supra, it is stated:

"The person against whom the irregular acts are alleged is the defendant.

In Cross v. Burke, supra, it is stated:

"The application here was brought by petitioner to assert the civil right of personal liberty against the respondent who is holding him in custody. * * *"

In State ex rel. Durner v. Huegin, supra, it is stated:

"The adverse party on the record was the Sheriff. He was to all intents and purposes the defendant in the proceeding, regardless of the name by which such a party is commonly known."

In the case at bar the Court of Civil Appeals cites Beverly v. Roberts (Civ. App.), 215 S. W. 975, and Hudgens v. Yancey (Civ. App.), 284 S. W. 347. In these cases it is, in effect, held that a contempt of court case growing out of a civil proceeding is a criminal case. We expressly overrule such holding.

From what has been said it is evident that we hold that the Court of Civil Appeals was in error in dismissing this appeal for want of jurisdiction.

It is ordered that the motion for rehearing filed herein by B. G. Harbison, plaintiff in error, be granted. It is further ordered that our former judgment rendered herein, afirming the judgment of the Court of Civil Appeals, be set aside; and judgment is now here rendered reversing the judgment of the Court of Civil Appeals and remanding this cause to that court to consider and decide on its merits.

Opinion delivered January 21, 1942.