DEPARTMENT OF PUBLIC SAFETY v. ROBERTSON.

No. 2570.

Court of Civil Appeals of Texas. Eastland.

July 11, 1947.

Grover Sellers, Atty. Gen., of Texas, and Robert L. Lattimore, Jr., Asst. Atty. Gen., for appellant.

E. M. Davis, of Brownwood, for appellee.

LONG, Justice.

The Department of Public Safety of Texas refused to issue to Robert Eugene Robertson a license to operate an automobile. Robertson appealed from the decision of the department refusing to issue such license by filing suit in the County Court as provided in art. 6687b, Sec. 31, Vernon's Ann.Civ.St. A hearing was had before the court without a jury. At the conclusion thereof, the court entered a judgment ordering the department to issue an operator's license to Robertson. From such judgment, the department has appealed.

Appellee Robertson contends that the judgment of the County Court is final and that the case is not appealable to this court. He cites no authorities in support of this contention but maintains that had the legislature intended that appeals from cases brought under this statute would lie, that it would have said so in enacting the statute. The department takes the position that the case is appealable under the constitution and general law relating to appeals from the County Court. The State Constitution, Section 16, Article 5, Vernon's Ann. St., provides for appeals from the County Court. It is our opinion that appellee's contention on this point should be overruled. It is our conclusion that had it been the legislative intent that no appeal be allowed under the statute here involved, the legislature would have so provided and that the failure so to do leaves the right of appeal controlled by the general rule in full force and effect. We hold that we have jurisdiction of the appeal.

The trial court filed the following findings of fact and conclusions of law:

"I find that Robert Eugene Robertson, plaintiff in the above styled and numbered case, has driven an automobile for more than twenty-one years, and has never had an accident, except one time and this was due to the negligence of the other party.

"I find that plaintiff has operated an automobile in Texas for eight years, and that during all of said time and until April 28, 1946, had a driver's license issued by the Department of Public Safety of the State of Texas.

"I find that about the year 1939, Robertson discovered that his eyes were defective and submitted to treatment therefor, and that his eyes did not respond to said treatment. I further find that he submitted to an examination for driver's license in Brown County before a representative of the Department of Public Safety in 1942, and the defects of his eyes were noted, but he was granted a license, and that he has driven continuously in Brown County since said date, without mishap, and that his eye sight is no better and no worse than it was in 1939 and 1942.

"I further find that plaintiff is dependent upon the use of his automobile to support himself and his wife, and that he would be without employment and totally dependent if he is denied a driver's license.

"I further find that plaintiff has demonstrated that he is a careful, cautious and safe driver of an automobile, having operated an automobile for twenty-one years

without mishap or accident, and that he would not be a hazard to himself or others using the highways, if permitted to drive an automobile.

"I conclude that the renewal or granting of a driver's license to Robert Eugene Robertson would not be inimical to public safety on the highways of this state, and that he is entitled to have his license renewed, or a new license issued to him."

The department contends that the judgment as entered in the County Court should be reversed and here rendered in its favor, and bases its contention upon the following point of error: "Point One: The court should not have rendered judgment finding that the granting of an operator's license to Robertson would not be inimical to public safety and welfare and ordering the Department of Public Safety of Texas to issue such license to said Robertson, because in so doing, the court decided a ministerial question on the facts when it only had the duty and power to determine whether or not the Department of Public Safety had substantial facts before it upon which to refuse the issuance of operator's license to Robertson and whether or not it acted arbitrary in so doing."

We believe the foregoing point states a correct proposition of law and should be sustained. The evidence discloses that Robertson had been driving an automobile for many years; and that he held an operator's license duly issued by the Department of Public Safety. His operator's license expired on April 28, 1946. On or about April 1, 1946, he applied for a renewal of said license. On or about April 29, 1946, the department denied his application for renewal on the ground that his (Robertson's) operation of a motor vehicle would be inimical to public safety and welfare.

In January 1946, Robertson was given an examination by the department to determine his fitness to operate an automobile. He failed to successfully pass such examination. Thereafter, the department sought again to test his fitness to operate an automobile, after he had applied for a renewal of his license, but Robertson failed and refused to submit to such examination on the ground that he knew that he could not successfully pass the same.

It is further shown by the testimony that on two occasions a police officer in the city of Brownwood forced Robertson to stop his automobile to prevent him from interfering with a funeral procession. Robertson testified that after he received the letter in January, 1946, instructing him to report to the examiner for an examination, that he went to an eye doctor and memorized the chart that was to be used in such examination, but that Mr. Tatum, the examiner, switched charts on him from letters to figures and thereby confused him. The evidence conclusively shows that Robertson has lost the sight in one of his eyes and that with the best correction possible he does not have sufficient sight in the other eye to meet the requirements for a driver's license. The court's findings that Robertson is a careful and cautious driver of an automobile has support in the evidence.

The Department of Public Safety was created by the legislature to administer the law governing the operation of automobiles upon the public highways of the State. It is vested with the power and duty to pass on all applications for license to drive an automobile. The law provides that the department shall have the power to examine applicants for such license and refuse to issue license to any person who fails to successfully pass such examination, or if it is found that the granting of the license would be inimical to public safety. Art. 6687b, Sec. 4 and 10, Vernon's Ann.Civ. St.

We are of the opinion that the decision of the department in refusing to issue an operator's license to the appellee is final and conclusive unless it be shown that the department acted unreasonably or unlawfully, or unless its decision was not based upon substantial evidence and was arbitrary or capricious. This is the construction that had been placed by our courts upon appeals from orders and decisions of the Railroad Commission, The Liquor Control Board and other boards created by the legislature for the purpose of ad-

ministering the law with reference to these departments. The trial court found that the action of the department, in refusing said license, was not arbitrary, but was an effort to comply with the provisions of the driver's license law. The evidence is conclusive that the department had sufficient evidence upon which to base its decision.

 We recognize that Sec. 31, art. 6687b, of the Revised Civil Statutes, differs in some respects from the other statutes that give the right of appeal from orders of various boards and commissions. It provides that the court shall set the matter for a hearing, examine into the facts of the case and determine whether the petitioner is entitled to a license. It further provides that the trial shall be de novo and that the licensee shall have the right of a trial by jury. However, we believe that the statutes should receive the same construction as given by our courts to similar statutes enacted by the legislature. A driver's license is not a civil property right, but is a mere license or privilege subject to be regulated under the law by the Department of Public Safety. The trial court did not have the power to act as an administrative body to determine whether or not it would have refused to issue a driver's license to Robertson, but its inquiry was limited to the determination of whether the action of the department was supported by substantial evidence. In passing upon the question, the discretion of the County Court could not be substituted for that of the department. The department, in refusing the license to drive to appellee, acted within the law. Its decision was based upon substantial evidence and it did not act arbitrarily or capriciously, therefore, the trial court erred in rendering judgment ordering the department to issue to appellee a driver's license. In support of our holding, we cite the following authorities: Baldacchi et al. v. Goodlet, et al., Tex.Civ. App., 145 S.W. 325; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Lackey et al. v. State Board of Barber Examiners, Tex.Civ.App., 113 S.W.2d 968; McCormick v. Texas Liquor Control Board, Tex.Civ.App., 141 S.W.2d 1004; Shupee v. R. R. Commission, 123

Tex. 521, 73 S.W.2d 505; State v. De Silva, 105 Tex. 95, 145 S.W. 330; Texas Liquor Control Board v. Floyd, Tex.Civ. App., 117 S.W.2d 530; Texas Liquor Control Board v. Smalley, Tex.Civ.App., 129 S.W.2d 466; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030; Texas Liquor Control Board v. Tschoerner, Tex. Civ.App., 177 S.W.2d 121; Thomas, et al. v. Stanolind Oil Co., Inc., Tex.Sup., 198 S.W.2d 420; Trapp, et al. v. Shell Oil Co., Inc., Tex.Sup., 198 S.W.2d 424.

We conclude that the judgment of the trial court should be reversed and that judgment be rendered here in favor of the Department of Public Safety.

Judgment of the trial court reversed and rendered.