

# The Attorney General of Texas

January 29, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lynn Nabers, Chairman
Committee on Criminal Jurisprudence
House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-293

Re: May legislature create panels within the 14 courts of appeals which would be charged solely with criminal jurisdiction

Dear Representative Nabers:

You have requested our opinion regarding legislative implementation of the recent amendment to article V, section 6 of the Texas Constitution, adopted by the voters on November 4, 1980. That provision now states, in pertinent part:

> The Legislature shall divide the State into such Supreme judicial districts as the population and business may require, and shall establish a Court of Appeals in each of said districts, which shall consist of a Chief Justice and at least two Associate Justices, who shall have the qualifications as herein prescribed for Justices of the Supreme Court. The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.

You ask whether the legislature may create, within the courts of appeals, panels which are charged solely with criminal jurisdiction.

The various courts of appeals, formerly the courts of civil appeals, have been constitutionally authorized to "sit in sections" or panels since the 1978 amendment to article V, section 6. Article 1812, V.T.C.S., made provision for courts of the first, second, fifth and fourteenth judicial districts to sit in panels of not less than three justices. The 1980 amendment does not affect this authority to sit in sections, but it adds criminal cases

appealed from the county and district courts to the jurisdiction of each court of appeals. Since the amendment grants to the courts of appeals "appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction," it might be argued that each section must be accorded all the jurisdiction embodied in the court of appeals of which it is a part. (Emphasis added). The amendment, however, grants such jurisdiction "under such restrictions and regulations as may be prescribed by law." Furthermore, the amendment permits a court of appeals to sit in sections only "as authorized by law."

In Harbison v. McMurry, 158 S.W. 2d 284, 287 (Tex. 1942), the supreme court declared:

> ... the appellate jurisdiction of the [c]ourts of [c]ivil [a]ppeals in 'civil cases' is not unlimited or absolute, but is subject to control by the Legislature. This must be so because it is provided that such jurisdiction is 'under such restrictions and regulations as may be prescribed by law.'

In our opinion, the legislature is authorized to impose restrictions upon the broad grant of jurisdiction to the court of appeals, and to any of the sections created by statute in accordance with the amendment. We conclude, therefore, that the legislature may create, within the various courts of appeals, panels which are charged solely with criminal jurisdiction.

## SUMMARY

> Under the recent amendment to article V, section 6 of the Texas Constitution, the legislature is empowered to create, within the various courts of appeals, panels which are charged solely with criminal jurisdiction.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Gerald C. Carruth
Rick Gilpin
Bruce Youngblood