**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Lester Paul JONES, Appellee.**

**No. 09–96–095 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 9, 1996.

Decided Feb. 13, 1997.

Frank H. Bass, Jr., Montgomery County Attorney, Conroe, Stephen Dennis, Assistant County Attorney, John West, Chief of Legal Services, Texas Dept. of Public Safety, Valerie Fulmer, Asst. General Counsel, Texas Dept. of Public Safety, Shannon McCall Fitz-Patrick, Asst. General Counsel, Texas Dept. of Public Safety, Bryan, for appellant.

Jerald D. Crow, Darden, Fowler & Creighton, Conroe, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Lester Paul Jones was arrested for driving while intoxicated (DWI) on October 15, 1995. Jones refused to take a breath test. A driver's license suspension hearing was held at Jones' request pursuant to TEX.TRANSP.CODE ANN. § 724.041 (Vernon Pamph.1997). Following the hearing, the administrative law judge (ALJ) ordered Jones' license suspended; Jones appealed. In that appeal, the reviewing court reversed the ALJ's decision and in a final order reinstated Jones' license. The Texas Department of Public Safety (DPS) appeals the reviewing court's order.

██ We first address Jones' contention, in cross point of error one, that a court of appeals does not have jurisdiction to review an appellate decision of a county court at law in an administrative license revocation proceeding. Citing TEX.TRANSP.CODE ANN. § 524.041(b) (Vernon Pamph.1996), Jones argues that because the Transportation Code provides for appeal of an administrative license revocation proceeding, but makes no provision for further appeal, there is none. We disagree.

The Texas Constitution grants the Courts of Appeal jurisdiction over all cases of which the district or county courts have original or appellate jurisdiction, "under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Therefore, this court has jurisdiction over the present case, subject to any restrictions or regulations. The only restriction of appeal in section 524.041 is (d), stating "The department's right to appeal is limited to issues of law." As the DPS' appeal is so limited, we find this court has jurisdiction of this appeal. Jones' cross point of error number one is overruled.

██ DPS' first point of error argues the reviewing court erred in holding collateral estoppel applies to administrative license revocation proceedings. Their second point asserts the reviewing court erred in holding that evidence presented at the administrative hearing was sufficient to show collateral estoppel should apply to the issue of probable cause to arrest at the hearing. We will first address DPS' second point of error as it is dispositive of the collateral estoppel issue.

The only evidence offered at the administrative hearing to support Jones' claim of collateral estoppel is a form signed by magistrate Judge Spikes. The form is clearly designed to comply with TEX.CODE CRIM. PROC.ANN. art. 15.17(a) & (b) (Vernon Supp. 1997) providing for "magistratizing" of a defendant. See Watson v. State, 762 S.W.2d 591, 594, n. 4 (Tex.Crim.App.1988); Balew v. State, 872 S.W.2d 339, 340, n. 4 (Tex.App.—Beaumont 1994, pet. ref'd). There is no evidence a hearing was conducted or that testimony was taken. There is no separate order setting bail; the amount of bail was simply endorsed on the form. While there is a notation "No P.C. Found", there is also a check in the YES box following "PROBABLE CAUSE FOUND". There is no signature indicating a prosecutor was present.

We therefore find there is insufficient evidence to support the reviewing court's conclusion of law that a prior judicial determination of probable cause to arrest Jones for DWI was made. Consequently, the ALJ conducting Jones' driver's license suspension

hearing could not have been bound by a previous determination of no probable cause under the doctrine of collateral estoppel. Point of error two is sustained.

Jones' cross points two and three attack the sufficiency of the evidence to support the finding of the ALJ that on October 15, 1995, there was probable cause to arrest him for DWI or reasonable suspicion to stop him. At the administrative hearing, Trooper Bender testified upon arriving at the accident scene Lisa Stevens told him the vehicle that hit her had fled the scene. A witness, Glen Schumaker, told Bender he followed the other driver (Jones) to a residence, spoke with him, and then returned to the scene. Schumaker told Bender he knew where the vehicle and Jones were located, that he could identify Jones, and that when he spoke with him, Jones was belligerent and appeared highly intoxicated. Stevens told Bender she could not identify the driver but could identify the vehicle and gave him the license plate number. Bender then followed Schumaker to a residence. A vehicle with the license number given by Stevens was in the driveway. Bender knocked on the door and when a woman, Ms. Jackson, answered, he told her he needed to speak to the driver of the vehicle. Jackson said the driver was a friend of hers and was sitting at the table; she took Bender into the kitchen table and said that he was the driver. Jackson also said the beer in front of Jones on the table was the only beer he'd had since he had been there.

Bender asked Jones if he was the driver. Jones "said that he didn't hit anybody. He said that he was driving the pickup, but that the lady hit him and he didn't hit anybody." Bender testified Jones had a beer, three-quarters full, in front of him, "appeared to be highly intoxicated, slumped over the table. His speech was slurred. He had a strong odor of an alcoholic beverage about his breath." Bender further testified that when Jones stood up "he was stumbling and he was staggering around." Bender testified he checked his eyes for HGN and they were indicative of intoxication. Schumaker then identified Jones as the driver that hit Stevens. Bender testified the accident was re-ported at 8:00 p.m. and Jones was arrested around 8:40 p.m.

We find the above evidence sufficient to support the findings of the ALJ that there was probable cause to arrest Jones for driving while intoxicated and that there was reasonable suspicion to stop Jones for fleeing the scene of an accident. Cross points of error two and three are overruled.

Having overruled all of Jones' cross points of error, and having sustained DPS' second point of error, we reverse the decision of the County Court at Law and affirm the decision of the Administrative Law Judge.

REVERSED AND RENDERED.