TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Daniel Bernard LEVINSON, Appellee.

No. 04–97–00457–CV.

Court of Appeals of Texas,
San Antonio.

May 20, 1998.

Dewey E. Helmcamp, III, Assistant Attorney General, Austin, for Appellant.

Ronald C. Bird, Bird & Noll, Robert Roy Hamilton, San Antonio, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

GREEN, Justice.

The Texas Department of Public Safety appeals a county court decision granting Daniel Levinson a license to carry a concealed handgun. We dismiss the appeal for lack of jurisdiction.

### Background

In 1968, Levinson pled guilty to breaking and entering a coin-operated machine, and he received a probated three-year sentence. After he successfully completed the terms of his probation, the trial court dismissed the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp.1998) (permitting judge to set aside verdict and release defendant "from all penalties and disabilities"). Almost thirty years later, Levinson applied for a license to carry a concealed handgun. As part of his application, he indicated he had no criminal history and swore under oath he had not been convicted of a

felony. After conducting a background investigation, the Department denied Levinson's application on the basis that he had been convicted of a felony and that he had failed to disclose information material to his application.

Levinson requested a hearing before the justice court, which overruled the Department's decision. The Department then appealed to the county court for trial de novo. The county court affirmed the justice court's ruling, specifically finding that Levinson had not been convicted and that the Department had no basis for denying him a license to carry a concealed handgun.

The Department once again appealed, and Levinson questioned our jurisdiction. According to Levinson, this appeal is barred by the Government Code, the Civil Practice and Remedies Code, and the Handgun Act. In rebuttal, the Department argues that no statute prevents our exercise of jurisdiction, and it urges us to follow the appellate process used in other licensing cases. We dismiss the appeal for lack of jurisdiction.

### Scope of Review

■ We may not expand our jurisdiction beyond that conferred by the legislature. *See Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Masonite Corp. v. Garcia*, 951 S.W.2d 812, 816 (Tex.App.—San Antonio 1997, pet. filed). When construing legislative enactments regarding our jurisdiction, we begin with the language of the statute. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241(Tex.1994).We read individual words, phrases, and provisions in the context of the entire statute, and we follow the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1988); *Linick v. Employers Mutual Casualty Co.*, 822 S.W.2d 297, 300 (Tex.App.—San Antonio 1991). We may also consider the object sought to be obtained by the legislation, the circumstances under which the statute was enacted, and the legislative history. *See* TEX. GOV'T CODE ANN. § 311.023(1)-(3) (Vernon 1988).

### Discussion

■ The Texas Constitution describes our jurisdiction as follows:

> [The] Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, *under such restrictions and regulations as may be prescribed by law.*

TEX. CONST. art. V, § 6 (emphasis added); *see also Harbison v. McMurray*, 138 Tex. 192, 158 S.W.2d 284, 287 (1942).

The Government Code restricts our jurisdiction by referring to an amount in controversy:

> Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction *when the amount in controversy or the judgment exceeds $100,* exclusive of interest and costs.

TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988) (emphasis added). In similar fashion, the Civil Practice and Remedies Code limits our jurisdiction to "case[s] in which the judgment or amount in controversy exceeds $100." TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997). Historically, these statutes have barred appeal from the county court when it acted in its appellate capacity and the amount in controversy did not exceed $100. *See, e.g., James v. Sam,* 335 S.W.2d 288, 288 (Tex.Civ.App.—San Antonio 1960, no writ); *see also In re S.G., Jr.,* 935 S.W.2d 919, 923 & n. 3 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.) (refusing to apply the restriction to appeals from district courts).

In this case, the parties agree there is no amount in controversy and the appeal arises from a county court acting in its appellate capacity. Levinson maintains we lack jurisdiction under these facts and the plain language of the Government Code and the Civil Practice and Remedies Code. The Department argues the statutes are not applicable because this case does not involve monetary damages. Thus, argues the Department, our jurisdiction is based on the constitution's

general provision. As authority, the Department cites *Texas Dep't of Pub. Safety v. Jones*, 938 S.W.2d 785, 786 (Tex.App.—Beaumont 1997, no writ).

Although the *Jones* court based its jurisdiction on the constitution, we decline to follow its opinion because the court failed to explain why the amount in controversy was not applicable. We find the Department's argument inviting, but, without supporting authority, we cannot accept it.[1] *Cf. Prince v. Garrison*, 248 S.W.2d 241, 243 (Tex.Civ. App.—Eastland 1952, no writ) (finding no jurisdiction, in part, because driver's license suspension did not involve an amount in controversy). However, we cannot accept Levinson's jurisdictional argument without first examining the specific statute governing the subject matter of this appeal. *See C.L.B. v. State*, 567 S.W.2d 795, 796 (Tex.1978) (suggesting specific statutes control over general jurisdictional provisions).

The Handgun Act explicitly permits appeals to the county court but is silent regarding appeals to the courts of appeals:

(a) ... On receipt of a request for hearing from a license holder or applicant, the department shall promptly schedule a hearing in the appropriate justice court in the county of residence of the applicant or license holder. The justice court shall conduct a hearing to review the denial, revocation, or suspension of the license. In a proceeding under this section, a justice of the peace shall act as an administrative hearing officer. A hearing under this section is not subject to Chapter 2001, Government Code (Administrative Procedure Act).

. . . .

(e) A party adversely affected by the court's ruling following a hearing under this section may appeal the ruling by filing within 30 days after the ruling a petition in a county court at law in the county in which the applicant or license holder re-

sides. . . . The trial on appeal shall be a trial de novo without a jury.

Act of May 16, 1995, 74th Leg., R.S., ch. 229, §§ 1, 8, 1995 Tex. Gen. Laws 1998, 2015 (effective Sept. 1, 1995), *amended by* Act of June 1, 1997, 75th Leg., R.S., ch. 1262, §§ 1, 33, 38, 1997 Tex. Gen. Laws 4766, 4779, 4780 (effective Sept. 1, 1997) (codified at TEX. GOV'T CODE ANN. § 411.180 (Vernon Supp. 1998)).

 According to Levinson, the Handgun Act's failure to address higher appeals indicates legislative intent to foreclose such appeals. The Department disagrees, arguing that other licensing cases are routinely appealed to the courts of appeals. The other licensing statutes, however, vest jurisdiction in district courts, rather than county courts. *See, e.g.*, TEX.REV.CIV. STAT. ANN. art. 4495b, § 4.09(a) (Vernon Supp.1998) (license to practice medicine); *id.* art. 4512b, § 14e(k) (license to practice chiropractic); *id.* art. 4548h, § 3(a) (license to practice dentistry); *id.* art. 8890, § 16 (license to practice veterinary medicine). Thus, the amount in controversy would not be applicable, and appeals to our court would be proper. *In re S.G., Jr.*, 935 S.W.2d at 923 & n. 3.

 Additionally, the appeal of a driver's license suspension for failing the breath test or refusing to take the breath test, which usually arises from a county court, is appealable under the terms of the Administrative Procedure Act (APA). *Texas Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 265 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ); *Texas Dep't of Pub. Safety v. Lavender*, 935 S.W.2d 925, 927 (Tex.App.—Waco 1996, writ denied). Unlike the Transportation Code, the Handgun Act does not incorporate the terms of the APA. *Compare* TEX. TRANSP. CODE ANN. §§ 524.002(b), 724.047 (Vernon Supp.1998), *with* TEX. GOV'T CODE ANN. § 411.180 (Vernon Supp.1998). Thus, it appears the legislature's failure to address appeals under the Handgun Act was intentional.

1. For the same reason, we cannot follow *Texas Dep't of Pub. Safety v. Tune*, No. 02–97–00222–CV, 1998 WL 134088 (Tex.App.—Forth Worth, March 26, 1998, no pet. h.). In *Tune*, the court of appeals found the license applicant to be "con-

victed" for purposes of the Handgun Act despite the fact that his indictment had been dismissed under the Code of Criminal Procedure. The court did not address its own jurisdiction.

**8**

### Conclusion

We read the Government Code and the Civil Practice Code as restricting our jurisdiction to cases involving an amount in controversy of at least $100 when the cases arise from the county courts acting in their appellate capacity. Additionally, we find no support for our jurisdiction in the Handgun Act. Accordingly, we dismiss the appeal for lack of jurisdiction.

Levinson asks that we sanction the Department for bringing a frivolous appeal. *See* TEX.R.APP. P. 45. Given the novelty of the legal issues involved, we decline to do so.