**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Kyle Jenkins CALLENDER, Appellee.**

**No. 14–98–00810–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 30, 1999.

Rehearing Overruled March 9, 2000.

James M. Kuboviak, Bryan, Stacy S. Billedo, Houston, for appellants.

Travis B. Bryan, III, David S. Barron, Bryan, for appellees.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

## OPINION

DON WITTIG , Justice.

The Texas Department of Public Safety ("DPS") appeals a judgment reversing an administrative order sustaining the suspension of appellee Kyle Jenkins Callender's driver's license. *See* TEX. TRANSP. CODE ANN. § 724.043 (Vernon 1999). In two points of error, the DPS alleges the county court at law erred as a matter of law by reversing the administrative order because the administrative court retains jurisdiction over the cause even if the administrative hearing is held after the expiration of forty days from service of the notice of suspension and the administrative order was supported by substantial evidence. Callender contends this court lacks jurisdiction to consider the DPS's appeal. We agree with Callender and dismiss this appeal for want of jurisdiction.

### BACKGROUND AND PROCEDURAL POSTURE

Callender was arrested for driving while intoxicated. He refused to give a breath specimen; consequently, he was given notice that his driver's license would be suspended in forty days. Callender requested an administrative hearing on the suspension pursuant to Chapter 724 of the Texas Transportation Code.

The administrative hearing was held forty-seven days after Callender was served with the Notice of Suspension. Callender moved to dismiss the case on the ground that the hearing was outside the forty day window mandated by the transportation code. Callender claimed the transportation code and case law interpreting an earlier implied consent statute required a hearing to be held before the fortieth day after service of the Notice of Suspension. The administrative law judge denied Callender's motion and after hearing evidence, upheld the suspension.

Callender appealed the administrative order to the county court at law on the grounds that the hearing was held outside the forty day window mandated by the transportation code and, in the alternative, that the DPS failed to prove the elements of its case. After a hearing on the first ground, the county court at law reversed the administrative order. It is from this order that the DPS appeals.

#### JURISDICTION

■ Before reaching the substantive issues raised in the DPS's appeal, we must address Callender's allegation that this court lacks jurisdiction to hear the appeal.

The Texas Constitution vests appellate courts with jurisdiction over all cases "of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6.; *Harbison v. McMurray*, 138 Tex. 192, 158 S.W.2d 284, 287 (1942). The Texas Legislature prescribes appellate jurisdiction by statute. *Shirley v. Texas Dep't of Pub. Safety*, 974 S.W.2d 321, 323 (Tex.App.—San Antonio 1998, no pet.). In civil matters, the Legislature has extended a general grant of jurisdiction to the intermediate appellate courts to cases tried or appealed to the county or district courts in which the judgment rendered or the amount in controversy exceeds a hun-

dred dollars. TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988); *accord* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997). Outside this general grant of authority, the Legislature has prescribed appellate jurisdiction in statutes addressing a specific issue. *See Texas Dep't of Pub. Safety v. Barlow*, 992 S.W.2d 732, 735 (Tex.App.—Waco 1999, pet. filed).

Because a driver's license suspension is appealed from a county court acting in its appellate capacity and does not involve an amount in controversy, the general grant of appellate jurisdiction does not confer jurisdiction. *Shirley*, 974 S.W.2d at 323. Instead, we must look for a specific grant of jurisdiction in the transportation code, which governs appeals from the suspension of a driver's license. *Id.*

Chapters 724 and 524 of the transportation code provide for two distinct levels of appellate review for a person whose driver's license is subject to suspension for refusal to submit a breath specimen. At the first level, Chapter 724 provides that a person who receives a notice of suspension from DPS may obtain a review of the suspension before an administrative law judge. TEX. TRANSP. CODE ANN. § 724.041 (Vernon 1999). Chapter 524 governs an appeal at the second level, following an administrative hearing. *Id.* § 724.047. At this level, the losing party may appeal the decision of the administrative law judge to the county court at law. *Id.* § 524.041(b). Neither chapter provides for an appeal from the judgment of the county court at law. *Barlow*, 992 S.W.2d at 734. Chapter 524, however, provides that the Administrative Procedure Act (the "APA") applies to appeals from administrative license suspensions to the extent consistent with Chapter 524. *Id.* § 524.002(b).[1]

The APA provides for an appeal from a final district court judgment in the manner provided for civil actions generally. TEX. GOV'T CODE ANN. § 2001.901 (Vernon

---

1. The APA specifically excludes application to other chapters of the transportation code.

*See* TEX. GOV'T CODE ANN. § 2001.22 (Vernon Pamph.1999).

Pamph.1999). The APA has no express provision for an appeal from a county court at law. Nevertheless, two courts of appeals have based their jurisdiction to hear appeals from the county courts at law in license suspension cases on the APA. *See Shirley,* 974 S.W.2d at 323; *Texas Dep't of Pub. Safety v. Watson,* 945 S.W.2d 262, 268 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ).

In *Shirley,* the San Antonio Court of Appeals held that section 2001.901(a) of the APA permitted appeals from both the county and district courts because section 2001.176(b)(1) of the APA does not require suits to be filed in district courts. *Shirley,* 974 S.W.2d at 323. Section 2001.176(b)(1) provides that a person initiating judicial review in a contested case must file the petition in a Travis County district court unless otherwise provided by statute. TEX. GOV'T CODE ANN. § 2001.176(b)(1) (Vernon Pamph.1999). The statute providing otherwise is section 524.041(b) of the transportation code. Section 524.041(b) directs the a person seeking judicial review to file the petition in "a county court at law in the county in which the person was arrested or, if there is not a county court at law in the county, in the county court. If the county judge is not a licensed attorney, the county judge shall transfer the case to a district court for the county on the motion of either party or of the judge." TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 1999). The *Shirley* reasoned that a literal reading of section 2001.901(a) of the APA, in light of section 2001.176, would create disparate results in appellate review especially in cases where a non-attorney county judge transferred the case to a district court. *See Shirley,* 974 S.W.2d at 323.

In *Watson,* the First Court of Appeals, without discussion, held that it had jurisdiction to hear an appeal of the DPS from an order of the county court reversing the license suspension order of the administrative law judge. *See Watson,* 945 S.W.2d at 268 n. 4. The *Watson* court relied on a opinion from the Waco Court of Appeals which held the same. *Id.* (following *Texas Dep't of Pub. Safety v. Lavender,* 935 S.W.2d 925, 927–28 (Tex.App.—Waco 1996, writ denied)). The Waco Court of Appeals, however, has since abrogated its holding in *Lavender. See Barlow,* 992 S.W.2d at 732.

In *Barlow,* the Waco Court of Appeals determined that an intermediate appellate court did not have jurisdiction to hear an appeal from county courts at law from the plain language of the Constitution and the pertinent statutes.[2] *Id.* at 739–740. In addition to construing the pertinent statutes under the Code Construction Act, the *Barlow* court also reviewed prior case and statutory law. *Id.* at 737. The *Barlow* court found that, like the present law, the original implied-consent statute[3] did not expressly confer jurisdiction on the intermediate appellate courts to review decisions of the county court at law. *Id.* Although *Barlow* found little case law on the jurisdictional issue under the original implied consent statute, it found two cases upholding intermediate appellate review on the basis of the general grant of jurisdiction over appeals from the county courts under the statute preceding section 51.012 of the civil remedies and practices code.[4] *Id.* at 737–39 (discussing *Dep't of Pub. Safety v. Robertson,* 203 S.W.2d 950 (Tex. Civ.App.—Eastland 1947, no writ) & *Williams v. Texas Dep't of Pub. Safety,*

**2.** The *Barlow* court expressly rejected the opinion of the San Antonio Court of Appeals in *Shirley* because "[t]he language of the statute unambiguously provides for appeals of administrative determinations only in those cases arising from the district courts." *Barlow,* 992 S.W.2d at 740.

**3.** *See* Act of Apr. 14, 1941, 47th Leg., R.S., ch. 173, § 31, 1941 Tex. Gen. Laws 245, 255 (amended 1993).

**4.** *See* Act of Feb. 21, 1927, 40th Leg., R.S., ch. 52, § 1, 1927 Tex. Gen. Laws 75 (amended 1981).

371 S.W.2d 747 (Tex.Civ.App.—Houston 1963, no writ)).

In *Robertson*, the Eastland Court of Appeals held the intermediate appellate courts had jurisdiction to hear county court at law appeals under the implied consent statute because the Legislature did not expressly negate jurisdiction and "its failure to do so leaves the right of appeal controlled by the general rule in full force and effect." *Robertson*, 203 S.W.2d at 951.

In *Williams*, the Houston Court of Civil Appeals upheld appellate jurisdiction under the general statute conferring jurisdiction over civil suits filed in the county court at law because such an appeal was in the nature of a suit brought to set aside the final ruling of the DPS and was heard de novo by the court or a jury as if there had been no prior hearing on the matter. *Williams*, 371 S.W.2d at 749. The *Barlow* court read *Williams* to say that appellate courts had jurisdiction over license suspension appeals under the predecessor statute to section 51.012 of the civil remedies and practice code because such proceedings were cases in which the county court had exercised original jurisdiction.[5] *Barlow*, 992 S.W.2d at 738–39.

The *Barlow* court also noted that the Legislature made substantive changes to the statute conferring general jurisdiction on the appellate courts when it recodified the statute as section 51.012 of the civil

practice and remedies code. *Id.* Under the former statute, the Legislature conferred jurisdiction on appellate courts in civil appeals from every final judgment in the county court at law without regard to the amount in controversy and in those cases where the county court at law had exercised appellate jurisdiction and the judgment or amount in controversy exceeded a hundred dollars. *Id.* at 739. The new statute, section 51.012, "no longer makes a distinction between cases in which the county court has exercised original jurisdiction and those in which it has exercised appellate jurisdiction." *Id.* The *Barlow* court reasoned that "[b]y substantively amending the statute, the Legislature manifested its intent that the amount in controversy requirement thenceforth extends to both cases in which the county court has exercised original jurisdiction and those in which the court has exercised appellate jurisdiction." *Id.*

Not all appellate courts rely on the APA as a source of jurisdiction over appeals from the county courts of law in driver license suspensions. The Beaumont Court of Appeals relied on the general grant of jurisdiction in Article VI of the Texas Constitution in such cases. *See Texas Dep't of Pub. Safety v. Jones*, 938 S.W.2d 785 (Tex.App.—Beaumont 1997, no writ.). The *Jones* court noted that appellate courts have jurisdiction over civil matters "under such restrictions and regulations as

---

5. Neither Chapter 524 of the transportation code nor the APA treat an appeal to the county court at law as a trial de novo. Instead, a driver's license suspension is reviewed under the substantial evidence rule. 1 Tex. Admin. Code § 159.37(a) (West 1999). In reviewing a decision under the substantial evidence rule, a court may not substitute its judgment for that of the state agency on the weight of the evidence. Tex. Gov't Code Ann. § 2001.174 (Vernon Pamph.1999). The court may reverse or remand the case if the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of a constitutional or statutory provision; (2) in excess of the agency's statutory authority; (3) made through unlawful proce-

dure; (4) affected by other error or law; (5) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Id.*

A review on appeal under chapter 524 is on the record certified by the State Office of Administrative Hearings with no additional testimony. Tex. Transp. Code Ann. § 524.043(a) (Vernon 1999). If shown that additional evidence is material and good reason exists for the failure to present it in the proceeding before the administrative law judge, the county court may order additional evidence be taken before the administrative law judge. *Id.* at § 524.043(b).

may be prescribed by law." *Id.* at 786 (quoting TEX. CONST. art. V, § 6). The only restriction of appeal the *Jones* court found in chapter 524 of the transportation code was in section 524.041(d), which limits DPS's right of appeal to issues of law. *Id.* The Waco and San Antonio Courts of Appeals have rejected the *Jones* analysis. *See Barlow,* 992 S.W.2d at 740; *Texas Dep't of Pub. Safety v. Levinson,* 981 S.W.2d 5, 7 (Tex.App.—San Antonio 1998, pet. granted).

We, too, respectfully disagree with the opinions of the San Antonio and Beaumont Courts of Appeals for the reasons best expressed by the Waco Court of Appeals in *Barlow.* *See Barlow,* 992 S.W.2d at 740–41. Although we agree with the analysis of the *Barlow* court, we find that we lack jurisdiction over this appeal for a different reason based on our construction of the APA in the light of chapter 524 of the transportation code.

■■■ In construing a statute, a court must determine and give effect to the Legislature's intent. *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 960 (Tex.1999). A court makes this determination by looking to the plain and common meaning of the statute's words. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). A court may only look behind the law and examine the legislative intent and public policy where the statute is unclear, uncertain or ambiguous. *See Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). *Id.* In applying the plain and common meaning, we may not, by implication, enlarge the definition of any word in the statute beyond its ordinary meaning. *Id.* A court must also view a statute's terms in context and give them full effect. *Liberty Mut. Ins. Co.,* 966 S.W.2d at 484. Finally, in construing a statute, a court "shall consider at all times the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998).

Section 524.002 of the transportation code makes the APA applicable to appeals from driver license suspensions under chapters 524 and 724 of the transportation code "to the extent consistent with" chapter 524. TEX. TRANSP. CODE ANN. § 524.002(b) (Vernon 1999). Subchapter G of the APA governs judicial review of contested administrative cases. *See* TEX. GOV'T CODE ANN. § 2001.171 (Vernon Pamph.1999). Section 2001.172 of subchapter G limits the scope of judicial review of a state agency decision in a contested case to that which is "provided by the law under which review is sought." *Id.* § 2001.172. In this case, the law under which judicial review is sought expressly provides for an appeal of an administrative decision to the county court at law except in where the county court at law judge is not a licensed attorney. TEX. TRANSP. CODE ANN. § 524.041(b) (Vernon 1999). In that case, the party seeking judicial review under chapter 524 may appeal to the district court. *Id.* Chapter 524 makes no provision for further appellate review beyond the county court at law or the district court. Therefore, procedures governing judicial review under the APA are limited to appeals to a county court at law or a district court, if transferred under conditions authorized by chapter 524.

In contrast, section 2001.901 of the APA provides for an appeal from a final district court judgment under the APA "in the manner provided for civil actions generally." TEX. GOV'T CODE ANN. § 2001.901 (Vernon Pamph.1999). Chapter 524 of the transportation code does not provide for an appeal in the manner provided for civil actions generally. The manner of appeal provided for civil actions generally, sections 22.220(a) of the government code and 51.012 of the civil practice and remedies code, does not confer jurisdiction on appellate courts over appeals from chapter 524 cases or appealed to the county or district courts because chapter 524 cases do not involve an amount in controversy. *See Shirley,* 974 S.W.2d at 323. Therefore, by its own terms, section 2001.901(a) does not

apply to appeals under chapter 524 of the transportation code.

■ Because neither the transportation code nor the applicable provisions of the APA confer jurisdiction on an appellate court to hear appeals arising from a county court at law or district court arising under chapters 524 or 724 of the transportation code, we are without jurisdiction to consider the DPS's appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

RICHARD H. EDELMAN, Justice, dissenting.

As explained in *Barlow,* appellate courts clearly had jurisdiction over license suspension appeals until 1985. *See Texas Dep't of Public Safety v. Barlow,* 992 S.W.2d 732, 738–39 (Tex.App.—Waco 1999, pet. filed). *Barlow* states that this jurisdiction was then lost when the Legislature "significantly rewrote" and "substantively amended" the former article 2249 by recodifying it as section 51.012 of the Civil Practice and Remedies Code. *See id.* at 739, 740. However, the session law in which section 51.012 was enacted describes itself as a "nonsubstantive revision" and further describes the State's overall codification effort of which it was a part as a revision of "statute law without substantive change." *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3244. I would therefore hold that the jurisdiction over license suspension appeals which existed until 1985 was not then lost because, despite the change in wording, section 51.012 was not intended as a substantive change to the former article 2249.