TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Timothy Michael THOMPSON, Appellee.

No. 09–99–285 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 9, 2000.

Decided April 13, 2000.

Carla E. Eldred, Kevin M. Givens, Texas Dept. of Public Safety, Austin, Mary "Callie" Clark, Texas Dept. of Public Safety, Houston, for appellant.

Dennis Powell, Orange, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

This appeal arises from a contested case of an administrative license suspension following Timothy Michael Thompson's failure of an intoxilyzer test in connection with his arrest for driving while intoxicated. An administrative hearing on the suspension was held pursuant to Tex. Transp. Code Ann. §§ 524.001–.051 (Vernon 1999 & Supp.2000),[1] Tex. Gov't Code Ann. §§ 2001.001–.902 (Vernon Pamph.2000),[2] and the applicable administrative rules of the State Office of Administrative Hearings and the Texas Department of Public Safety.[3] The Administrative Law Judge (ALJ) sustained the suspension and was reversed by the reviewing court, the County Court at Law of Orange County, Texas. The County Court at Law's conclusions of law indicate its order of reversal was based on (1) the Department's failure to present any evidence extrapolating Thompson's test results to the time Thompson was actually driving and (2) the ALJ's decision to admit in evidence an affidavit attesting to the validity of Thompson's test results. The Department appeals raising two points of error.

Although the issue has not been raised by the parties, we recognize other Courts of Appeal have held they lack jurisdiction to entertain such appeals. *See Texas Dep't of Pub. Safety v. Callender*, 14 S.W.3d 319 (Tex.App.—Houston [14th Dist.], no pet.); *Texas Dep't of Pub. Safety v. Barlow*, 992 S.W.2d 732 (Tex.App.—Waco 1999, pet. filed); and *Texas Dep't of Pub. Safety v. Levinson*, 981 S.W.2d 5, 7

(Tex.App.—San Antonio 1998, pet. granted, judgm't vacated w.r.m.). In *Texas Dep't of Pub. Safety v. Jones*, 938 S.W.2d 785 (Tex.App.—Beaumont 1997, no pet.), we held the Courts of Appeal do have jurisdiction under the Texas Constitution to consider appeals from the Department, within the restrictions of § 524.041(d) limiting the department's right to appeal to issues of law. *See* Tex. Transp. Code Ann. § 524.041(d) (Vernon Supp.2000). In agreement with our holding in *Jones*, albeit for different reasons, is the Houston First Court of Appeals. *See Texas Dep't of Pub. Safety v. Watson*, 945 S.W.2d 262, 268 n. 4 (Tex.App.—Houston [1st Dist.] 1997, no writ).

The Supreme Court of Texas has not yet ruled upon the issue but did take jurisdiction of an appeal by the defendant from the San Antonio Court of Appeals. *See Mireles v. Texas Dep't of Pub. Safety*, 993 S.W.2d 426 (Tex.App.—San Antonio 1999), *aff'd*, 9 S.W.3d 128 (Tex.1999). Until the conflict is resolved we maintain our position in *Jones* and will consider the merits of the appeal.

In its first point, the Department contends the County Court at Law erred as a matter of law in holding there was not substantial evidence in the record to support the ALJ's finding that Thompson's alcohol concentration at the time of driving was at least 0.10. We agree.

In a recent decision, the Texas Supreme Court rejected an argument by the defendant that, absent extrapolation evidence, his breath-test results were no evidence of his alcohol concentration while driving. *See Mireles*, 9 S.W.3d at 130. The court noted "the DPS must prove by a preponderance of the evidence that the person had an alcohol concentration of 0.10 or more while operating a motor vehicle" and

1. "Administrative Suspension of Driver's License for Failure to Pass Test for Intoxication."

2. "Administrative Procedure Act."

3. Tex. Admin. Code § 159 (West 1998) (State Office of Admin. Hearings, Admin. License Suspension Hearings); and 37 Tex. Admin. Code § 17 (West 1998) (Texas Dep't of Pub. Safety, Admin. License Revocation).

"[s]uch a finding may not be made if the person had an alcohol concentration of less than 0.10 at the time the test was taken," but "[n]othing in the statutory framework specifically mandates extrapolation." *Id.* *Mireles* continues:

> [C]ourts review administrative license suspension decisions under the substantial evidence standard. *See* TEX. TRANSP. CODE § 524.041; TEX. GOV'T CODE § 2001.174. A court applying the substantial evidence standard of review may not substitute its judgment for that of the agency. *See* TEX. GOV'T CODE § 2001.174; *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984). The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action. *See City of El Paso v. Public Util. Comm'n,* 883 S.W.2d 179, 185 (Tex.1994). Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them. *See Railroad Comm'n of Tex. v. Torch Operating Co.,* 912 S.W.2d 790, 792–93 (Tex.1995). In fact, an administrative decision may be sustained even if the evidence preponderates against it. *See id.* at 793. If unextrapolated breath-test results are sufficient to sustain a criminal conviction for drunk driving, they are certainly sufficient to sustain an administrative license suspension.

*Id.* at 131. Accordingly, we find Thompson's breath test results showing alcohol concentrations of 0.153 and 0.154 provided a reasonable basis for the ALJ's finding that he had an alcohol concentration of 0.10 or more while driving. The Department's first point of error is sustained, making it unnecessary to address their second point. We reverse the judgment of the county court at law and render judgment reinstating the order of the ALJ authorizing the Department to suspend Thompson's driving privileges.

REVERSED AND RENDERED.