**FEDERATED MUTUAL INSURANCE COMPANY, INC. and Tipton International, Inc., Appellants,**

v.

**H.M. DAVENPORT, George St. Clair, Mark Summitt, and Corsicana National Bank & Trust, N.A., Appellees.**

No. 10–02–070–CV.

Court of Appeals of Texas, Waco.

Aug. 14, 2002.

M. Forest Nelson and Morton Joseph Fogelman, Burt Barr & Associates, L.L.P., Dallas, for Appellant/Relator.

Terry L. Jacobson, Jacobson & Edmondson, P.C., Robert C. Dunn, Robert C. Dunn & Associates, Corsicana, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

### PER CURIAM.

Appellees filed an interpleader action against Appellants and others to establish their ownership of several tractors which were the subject of a criminal theft investigation in another county. The trial court signed an order on November 28, 2001 placing the tractors in the custody of the Department of Public Safety and prohibiting the Department from disposing of them "pending resolution and final adjudication of the ownership of [the tractors]." Appellants filed a "Notice of Restricted Appeal" from this order, more than three months later. Appellees have filed a motion to dismiss alleging among other things that a restricted appeal is available only from a final judgment. We will dismiss this appeal for want of jurisdiction.

■ Article V, section 6 of the Texas Constitution establishes the jurisdiction of this Court. TEX. CONST. ART. V, § 6. According to this provision, our jurisdiction extends to: (1) "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"; and (2) "such other [cases] as may be prescribed by law." *Id.*

■ Our jurisdiction over civil cases under article V, section 6 "is not unlimited or absolute." *Gray v. Rankin,* 594 S.W.2d 409, 409 (Tex.1980) (per curiam); *Harbi-*

*son v. McMurray,* 138 Tex. 192, 196, 158 S.W.2d 284, 287 (1942); *accord Texas Dep't of Pub. Safety v. Levinson,* 981 S.W.2d 5, 6 (Tex.App.-San Antonio 1998, pet. granted, judgm't vacated w.r.m.). Rather, it is subject to the limitations set by the Legislature. *See Harbison,* 138 Tex. at 196, 158 S.W.2d at 287; *Levinson,* 981 S.W.2d at 6.

Section 51.012 of the Civil Practice and Remedies Code vests this Court with jurisdiction over an appeal by "writ of error." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997). Section 51.012 states in pertinent part, "[A] person may take [a] writ of error to the court of appeals from a *final judgment* of the district or county court." *Id.* (emphasis added). The Supreme Court, pursuant to its procedural rule-making authority, has established the procedures required to perfect what the appellate rules now refer to as a "restricted appeal." *See* TEX.R.APP. P. 25.1(d)(7), 26.1(c), 30. "Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals." *Id.* 30.

■ "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001). The November 28 order does not satisfy this test. Because it is not a "final judgment," Appellants cannot challenge it by restricted appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.012; *Dispensa v. University State Bank,* 951 S.W.2d 797, 799 (Tex.App.-Texarkana 1997, pet. denied) (dismissing appeal by writ of error from interlocutory order for

want of jurisdiction); *Dillard v. Leonard,* 801 S.W.2d 23, 24 (Tex.App.-San Antonio 1990, no writ) (same).

Appellants characterize the challenged order as a temporary injunction. Section 51.014(a)(4) permits an interlocutory appeal from an order which "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction." *Id.* § 51.014(a)(4) (Vernon Supp.2002). The appellate rules provide that such an appeal "will be accelerated." TEX.R.APP. P. 28.1. "[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed." *Id.* 26.1(b). The notice of appeal in this case was not and is thus untimely.[1] *See* TEX.R.APP. P. 26.1; *Raley v. Lile,* 861 S.W.2d 102, 105–06 (Tex.App.-Waco 1993, writ denied) (untimely appeal bond). Because Appellants did not timely file their notice of appeal, we lack jurisdiction to hear the appeal under section 51.014(a)(4). *Id.*

Appellees also request that we determine that this appeal is frivolous and award them damages under Rule of Appellate Procedure 45. *See* TEX.R.APP. P. 45. We deny this request.

The parties have filed numerous other motions and requests for relief. All requests for relief by either party not expressly granted herein are also dismissed for want of jurisdiction.

For the foregoing reasons, we grant Appellees' motion to dismiss and dismiss this appeal for want of jurisdiction with costs to be taxed against Appellants.

---

1. Appellants did not file a request for an extension of time in which to file the notice of appeal. *See* TEX.R.APP. P. 26.3.