IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00281-CV

 

Tami Berger Martin,

                                                                                    Appellant

 v.

 

Clyde C. Berger, Individually, as 

Administrator of the Estate of 

Mildred Jacquelyn Berger, and 

as Trustee of the Berger Trust,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 11,380-PC

 



MEMORANDUM  Opinion



 








            Tami Berger Martin intervened in the
administration of the estate of Mildred Jacquelyn Berger.  She alleged that
Mildred and her husband Clyde C. Berger executed a trust leaving all property
to Martin, that Mildred executed a will leaving her property to Martin, and
that Martin possesses an interest in certain Exxon Mobil stock.  A jury
determined that no trust or will had been created.  On appeal, Martin argues
that the trial court erred by: (1) denying her motion for new trial; and (2)
allowing defense counsel to cross-examine her about a tape-recorded statement. 
Berger, individually and as administrator of Mildred’s estate, brings a single
cross-point alleging that Martin’s appeal is frivolous and requesting damages. 
We affirm.

ISSUES PRESENTED

Martin’s first issue challenges the trial court’s
denial of her motion for new trial, wherein she alleged that: (1) Berger
withheld documents regarding the Exxon Mobil stock, IRS forms 1099, and a
tape-recorded telephone conversation between Martin and Roger Bridgwater, one
of Berger’s attorneys; and (2) Berger’s conduct amounted to discovery abuse and
prevented her from completing a “reasonable investigation of the facts.”  In her
second issue, Martin contends that the trial court abused its discretion by
allowing Berger to cross-examine Martin about the telephone conversation.  Because
Martin addresses these issues collectively, we will do likewise.  Both a trial
court’s denial of a motion for new trial and its decision to admit or exclude
evidence are reviewed for abuse of discretion.  See Dir., State Employees Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); see also In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).

IRS Forms 1099 and Exxon Mobil Documents

In her second request for production, Martin
sought: (1) documents related to Mildred’s ownership of several thousand shares
of Exxon Mobil stock; and (2) monthly statements for depository accounts held
by Berger, Mildred, or the Berger Trust.  Berger objected that these documents
were irrelevant and immaterial.  Martin’s first set of interrogatories sought
identification of each depository account.  Berger objected and replied that no
such accounts existed as to the Berger Trust.  About two weeks before trial,
Berger produced, via certified mail, documents related to the Exxon Mobil stock,
which revealed that the stock was community property.[1] 
A few days later, Berger produced several IRS forms 1099, which revealed that
various financial institutions made income payments to either or both Mildred
and Berger as trustees of the Berger Trust.

At the final pretrial hearing, Martin sought to
pre-admit 1099s regarding the Berger Trust.  Berger sought to pre-admit 1099s
showing “Mildred, Trustee for Clyde, or Clyde, Trustee for Mildred, which would
refer to some other kind or character of trust.”  Berger’s counsel explained
that he had recently discovered the 1099s in a box in his office and produced
them to Martin as soon as he discovered them.  Martin argued that Berger had
violated the discovery rules and that the documents should be excluded and were
a “surprise,” but she did not “want more time” or “want to delay this trial.”  She
maintained that receiving the documents earlier would have allowed her to
question why Mildred would have held money as trustee for Clyde and vice-versa. 
The trial court refused to exclude the documents.  In accordance with the Exxon
Mobil documents, Martin also sought leave to amend her petition to allege that
the Exxon Mobil stock is community property rather than separate property. 
Martin explained that this “should not affect our trial.”  The trial court
granted this request.

 

Tape-Recorded Statement

In response to Martin’s request for disclosure,
Berger stated that no “discoverable witness statements” exist.  However, during
cross-examination, Berger asked Martin whether: (1) a telephone conversation
occurred between her and Roger Bridgwater, one of Berger’s attorneys; (2)
Martin and Bridgwater discussed trial matters; (3) Martin told Bridgwater that
she saw a folder on the counter in Berger’s home;[2]
(4) it would be important to know if the folder was empty; (5) if the folder
contained the trust documents and the will, this would indicate that the
documents existed at the time of Mildred’s death and so suggest that someone
had done something with the documents since they cannot be found; and (6) if
the folder was empty, this would suggest some other theory.  Martin answered
each question without objection.  When Berger asked whether Martin told Bridgewater that the folder was empty, Martin objected that the tape of the conversation
was not produced in discovery.  The trial court allowed Berger to testify to
her “recollection” of the conversation.  Berger then asked several questions
related to the phone conversation.  Martin did not object.

Outside the jury’s presence, Martin argued that
the tape should be excluded, having been withheld during discovery, and
requested an instruction to disregard.   The trial court recognized that
excluding the tape did not alleviate whether “there would have been opportunity
to prepare for it.”  The trial court excluded the tape and ordered that this
particular line of questioning be concluded.

Analysis

Martin argues that Berger’s conduct prevented her from
having adequate time to review the documents and “conduct additional
investigation.”  She contends that the untimely filed Exxon Mobil documents and
1099s may have led to other information regarding the Berger Trust,
particularly had she been able to contact the various financial institutions
identified in the 1099s and obtain information from them.  She further contends
that she would have been prepared for Berger’s cross-examination regarding the
telephone conversation had the tape been produced in discovery.

At the pretrial hearing, Martin did not complain,
as she does on appeal, that she was either prevented from adequately reviewing
the Exxon Mobil documents and 1099s or prevented from conducting further
investigations, thereby resulting in the denial of a fair trial.  See Tex. R. App. P. 33.1(a) (complaint must
be made by a timely request, objection, or motion stating the specific
grounds for the ruling sought).  Not until her motion for new trial did Martin
complain that Berger’s untimely production of documents prevented her from
conducting a “reasonable investigation of the facts.”  See St. Paul Surplus Lines v. Dal-Worth Tank Co., 974 S.W.2d 51, 53 (Tex. 1998) (raising a complaint
for the first time in a motion
for new trial is insufficient to satisfy the requirement for a
timely objection where the complaint could have been raised earlier); see
also Hallett v. Houston Nw.
Med. Ctr., 689 S.W.2d 888, 890
(Tex. 1985) (“A party cannot wait
until the trial is finished, then seek to reverse an unfavorable verdict by
complaining of an error which the trial court could have corrected had it been
timely informed of the error”).

Neither did Martin seek further relief upon
discovering Berger’s failure to timely produce the Exxon Mobil documents, 1099s,
or telephone conversation.  She did not request a continuance seeking
additional time to review these documents, investigate any newly discovered
evidence, or better prepare.  See Tex. R. Civ. P. 193.6(c) (when a party fails
to timely make, amend, or supplement a discovery response, the trial
court may grant a continuance
or temporarily postpone trial to allow for a response and to “allow opposing
parties to conduct discovery regarding any new information presented by that
response”); see also Henderson
v. Wellmann, 43 S.W.3d 591, 598 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (complaint regarding failure to respond to request for disclosures waived in
absence of objection to one-day continuance allowing response and failure to
request “additional time to prepare after the disclosures were made”); Tri-Flo Int'l, Inc. v. Jackson, No. 13-01-472-CV, 2002 Tex. App. Lexis 7630 at *6-7 (Tex. App.—Corpus
Christi Oct. 24, 2002, no pet.) (not designated for publication) (no abuse
of discretion by allowing late discovery supplementation where complaining
party “sought no further relief for
itself other than the pleadings amendment and filed no motion for continuance”); McInnes v. Yamaha Motor Corp., 659 S.W.2d
704, 714 (Tex. App.—Corpus Christi 1983), aff’d, 673 S.W.2d 185 (Tex. 1984)
(“If appellant felt that he was ill-prepared to go forth with his case due to
Yamaha’s failure to comply with discovery orders, he should have urged a motion
for continuance and a full-blown pre-trial hearing on his motion to
strike Yamaha’s pleadings”).

Accordingly, we cannot say that the trial court
abused its discretion by denying Martin’s motion for new trial.  See Warrantech Corp. v. Computer Adapters Servs., 134 S.W.3d 516, 530-31 (Tex. App.—Fort Worth
2004, no pet.) (no abuse of discretion by denying motion for new trial where complaining
party failed to object or seek relief from the trial court, other than
motion for new trial, alleging discovery abuse).  We overrule issue one.

Moreover, Martin has not preserved her complaint
that the trial court abused its discretion by allowing cross-examination related
to the telephone conversation.  A complaint not presented to the trial court by
a timely, specific objection is not preserved for appeal.  See Tex. R. App. P. 33.1(a).  An objection is timely
urged when asserted at either the earliest opportunity or when the potential error becomes
apparent.  Hoxie Implement Co. v. Baker, 65 S.W.3d 140, 152 (Tex.
App.—Amarillo 2001, pet. denied).  The earliest opportunity for
Martin to object arose the moment Berger began questioning her about the
conversation, when the potential error became apparent.  Having failed to urge
a timely objection, Martin has not preserved her complaint for appellate
review.  See Tex. R. App. P.
33.1(a).  We overrule issue two.

Cross-Point

In one cross-point, Berger seeks sanctions,
alleging that Martin’s appeal is frivolous because the appeal was not “pursued
without unreasonable delay” and Martin made no attempt to show that the outcome
of trial could have been different.

An appellate court may award damages for frivolous
appeals if the court finds that: (1) the appeal was taken for delay; and (2)
there was no sufficient cause for appeal.  See Tex. R. App. P. 45; see also Keever v. Finlan, 988
S.W.2d 300, 315 (Tex. App.—Dallas 1999, pet. dism’d).  Imposition of damages is a matter
within our discretion,
“which we exercise with prudence and caution, and only after careful
deliberation.”  Angelou v. African
Overseas Union, 33 S.W.3d 269,
282 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  “[W]e carefully consider the record from the
appellant’s point of view at the time the appeal was filed.”  Chapman v. Hootman, 999 S.W.2d 118, 124 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  “Where
an appellant’s argument on appeal fails to convince the court, but has a
reasonable basis in law and constitutes an informed, good-faith challenge to
the trial court’s judgment, sanctions are not appropriate.”  Id.

Although Martin failed to preserve her complaints
for appeal and despite the delays in this proceeding, Martin’s complaint that Berger’s
conduct during the discovery process inhibited her ability to prepare for trial
is at least an issue of arguable merit.  Nor does the record establish that
Martin sought appeal for purposes of delay.  Accordingly, we decline to impose
sanctions.  See Federated Mut. Ins. Co. v. Davenport, 85 S.W.3d 837, 839 (Tex. App.—Waco 2002, no
pet.); see also Sanchez v. Sanchez, No. 04-06-00469-CV, 2007 Tex. App. Lexis 5166, at *23 (Tex. App.—San Antonio July 3,
2007, pet. denied) (mem. op.).  Berger’s request for damages is denied.

            The trial court’s judgment is affirmed.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed 

Opinion delivered and
filed April 9, 2008

[CV06]









[1]
              In the inventory and
appraisement, Berger listed the Exxon Mobil stock as Mildred’s separate
property.  At trial, Berger testified that he inherited the stock.





[2]               Martin testified that she observed
a folder on the counter in Berger’s home after Mildred’s death. The record
contains conflicting evidence as to whether Martin observed the alleged trust
documents and Mildred’s will inside the folder.