

**NUMBERS 13-10-00346-CV**
**13-10-00347-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## ESTATE OF CARMEN DEL FIERRO DE GARCIA, DECEASED

**On Appeal from the County Court at Law No. 1
of Cameron County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion Per Curiam**

By two interlocutory appeals, appellants, Armando Garcia Cardenas, Maravelia Garcia Del Fierro, and Blanca Estella Garcia Del Fierro, complain about two temporary injunction orders: one freezing the assets of their mother, Carmen Del Fierro De Garcia, that are held in "any and all financial institutions located in the United States . . . "; and the second denying appellants' request to enjoin appellee from conducting discovery and scheduling depositions until appellants' special appearance had been resolved. The

underlying disputes pertain to a request to probate Carmen's will filed by appellants' brother, Armando Garcia Jr., appellee, on January 26, 2010.[1]

On May 27, 2010, the trial court entered its: (1) order granting appellee's request for a temporary injunction in appellate cause number 13-10-346-CV; and (2) order denying a protective order and temporary injunction requested by appellants in appellate cause number 13-10-347-CV.[2] On the same day, the trial court also granted a plea in abatement filed by appellee. The plea in abatement ordered that:

> the probating of the Last Will and Testament of CARMEN DEL FIERRO DE GARCIA in this cause be abated until this [C]ourt receives a translated court order or judgment from Mexico which states any of the following:
>
> a.     The subject Last Will and Testament of CARMEN DEL FIERRO DE GARCIA has been accepted to probate by a Mexican court[;] or
>
> b.     The subject Last Will and Testament of CARMEN DEL FIERRO DE GARCIA has been rejected for probate.

Subsequently, on June 23, 2010, appellants filed their notice of appeal in appellate cause number 13-10-346-CV. In this notice of appeal, appellants specifically stated that

---

[1] These cases germinate from appellee's initial attempt to become the guardian of Carmen, which the trial court denied. Appellee appealed the trial court's denial of his application for guardianship of Carmen; however, during the pendency of the appeal, Carmen passed away, and we dismissed appellee's appeal as moot. *See In re Del Fierro De Garcia*, No. 13-09-00559-CV, 2010 Tex. App. LEXIS 1612 (Tex. App.–Corpus Christi Mar. 4, 2010, no pet.) (mem. op.) (per curiam). After Carmen's death and while appellee's guardianship appeal pertaining to Carmen was pending in this Court, appellee filed his petition to probate Carmen's will.

[2] As noted above, the trial court's order denying appellants' protective order and temporary injunction involves a request by appellants to enjoin appellee from conducting depositions and other discovery until the trial court had resolved a special appearance filed by appellants. After reviewing the contents of appellants' request, we construe appellants' motion as a request for a temporary injunction. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (stating that the purpose of a temporary injunction is to preserve the status quo until a trial on the merits); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (same); *see also Ramirez v. Quintanilla*, Nos. 13-10-00449-CV, 13-10-00450-CV, & 13-10-00454-CV, 2010 Tex. App. LEXIS 6861, at **27-28 (Tex. App.–Corpus Christi Aug. 20, 2010, orig. proceeding) ("The status quo is the 'last, actual, peaceable, noncontested status which preceded the pending controversy.'") (quoting *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.–Austin 2000, no pet.)).

they sought to challenge the trial court's granting of appellee's temporary injunction request. Later, on July 15, 2010, appellants filed an amended notice of accelerated appeal, noting that: (1) they intended to appeal both the trial court's granting of appellee's temporary injunction request and the order denying appellants' protective order and temporary injunction; and (2) the appeals in both cases were accelerated pursuant to section 51.014 of the Texas Civil Practice and Remedies Code and Texas Rule of Appellate Procedure 28.1(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008); *see also* TEX. R. APP. P. 28.1(a). Additionally on July 15, 2010, appellants requested that the trial court enter findings of fact and conclusions of law in both appellate cause numbers.

On July 20, 2010, appellee filed in this Court a "Motion to Strike for Cause and Motion to Dismiss for Want of Jurisdiction" both appellants' appeals because, among other things, appellants failed to timely file their accelerated appeals. Upon receiving appellee's motion, we requested a response from appellants, which was filed on August 16, 2010. In their response, appellants argue that the trial court did not have jurisdiction over Carmen's estate because she was a Mexican resident and, like her husband, Armando Garcia Cardenas, she did not have substantial contacts with the United States.[3] Therefore, appellants argue that the trial court lacked jurisdiction to act in the case. Appellants also admit that "[a]ny late filing [of their notice of appeal] is due to Appellants' attempt for the

---

[3] On June 24, 2010, this Court affirmed a trial court's order granting a special appearance filed by Armando Garcia Cardenas. *See In re Cardenas*, No. 13-09-00560-CV, 2010 Tex. App. LEXIS 4793 (Tex. App.–Corpus Christi June 24, 2010, no pet.) (mem. op.). In our opinion, we concluded that Cardenas's guardianship should be handled in Mexico because: (1) his contacts with the State of Texas were attenuated; (2) the evidence did not indicate that he purposefully availed himself of the jurisdiction of Texas; (3) the majority of the estate sought to be managed by appellee was located in Mexico; and (4) Cardenas is a Mexican resident. *Id.* at **23-24.

trial court to modify its ruling and execute orders that comply with the agreement made in the Judge's chamber and in the interest of justice."[4]

Section 51.014(a)(4) of the civil practice and remedies code provides that a party may appeal from an interlocutory order granting or refusing a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Texas Rule of Appellate Procedure 28.1(a) states that "[a]ppeals from interlocutory orders (when allowed as of right by statute) . . . are accelerated appeals." TEX. R. APP. P. 28.1(a). In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). Furthermore, the filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

Here, the trial court entered the complained-of orders on May 27, 2010. Both of the trial court's orders granted temporary injunctions in favor of appellee. As noted above, section 51.014(a)(4) of the civil practice and remedies code and Texas Rule of Appellate Procedure 28.1(a) characterize an appeal from a trial court order granting a temporary injunction as an accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); *see also* TEX. R. APP. P. 28.1(a). Because appellants' appeals in both cases are accelerated interlocutory appeals, appellants were required to file their notice of accelerated appeal within twenty days of the trial court's May 27, 2010 orders, or, in

---

[4] In their response, appellants do not direct us to any evidence of an agreement made between the parties in the trial judge's chambers. Thus, we are unsure about which agreement appellants reference.

other words, by June 16, 2010.  *See* TEX. R. APP. P. 26.1(b).  Instead, appellants filed a notice of appeal in appellate cause number 13-10-346-CV on June 25, 2010, and an amended notice of accelerated appeal in both cases on July 15, 2010.  Clearly, appellants' notices of appeal were filed after the June 16, 2010 deadline and were, thus, untimely.  *See id.*  Furthermore, the record does not reflect that appellants filed a motion for extension of time under Texas Rules of Appellate Procedure 26.3.  *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay).  In addition, appellants' requests for findings of fact and conclusions of law do not extend the appellate deadline for these accelerated interlocutory appeals.  *See In re K.A.F.*, 160 S.W.3d 923, 927-28 (Tex. 2005) (stating that:  (1) "a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"; (2) the filing of "the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline"; and (3) "[a]llowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place.").

Because appellants' notices of appeal were untimely, appellants have failed to perfect their appeals in both cases; we therefore lack jurisdiction over both appeals.  *See In re K.A.F.*, 160 S.W.3d at 928 (dismissing for want of jurisdiction an appeal involving an order terminating a parent's parental rights when the parent filed her notice of accelerated appeal seventy-four days after the trial court signed its final order, even though the parent

5

timely filed a motion for new trial and a motion to modify the judgment); *Fed. Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 839 (Tex. App.–Waco 2002, no pet.) (dismissing an appeal of an interlocutory order granting a temporary injunction for lack of jurisdiction because appellants failed to file their notice of appeal within twenty days of the interlocutory order); *see also Vaughn v. Sawyer*, No. 04-03-00297-CV, 2003 Tex. App. LEXIS 4851, at **3-4 (Tex. App.–San Antonio June 11, 2003, no pet.) (mem. op.) (per curiam) (dismissing appellant's appeal for lack of jurisdiction because appellant did not file his notice of appeal within twenty days after the trial court's interlocutory order was signed). Accordingly, we GRANT appellee's motion to dismiss appellants' appeals in both cause numbers for want of jurisdiction. All other pending motions are dismissed as moot.

PER CURIAM

Delivered and filed the
27th day of August, 2010.