NUMBER 13-10-00675-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ACTION
RESTORATION, INC.,                                               APPELLANT

 

v.

 

KINGSVILLE
INDEPENDENT SCHOOL DISTRICT,              APPELLEE.

 

 



On Appeal from the 105th District Court

of Kleberg County, Texas.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and
Vela

Per Curiam Memorandum Opinion

 

Appellant, Action
Restoration, Inc. appeals an order granting Kingsville Independent School District’s
plea to the jurisdiction.  Currently pending before the Court is the “Motion to
Dismiss for Lack of Jurisdiction” filed by the Kingsville Independent School
District (the “District”).  More than ten days have passed since this motion
was filed and appellant has not filed a response.  See Tex. R. App. P. 10.3(a).  We dismiss
the appeal for lack of jurisdiction.

This appeal arises
from a lawsuit filed by appellant against the District for breach of contract
and quantum meruit.  The District filed a plea to the jurisdiction maintaining
that it was immune from suit against all of appellant’s claims.  By written
order signed on September 9, 2010, the trial court sustained the District’s
plea and dismissed the cause.  On October 8, 2010, appellant filed a “Motion
for Rehearing, or in the Alternative, a Motion for New Trial.”  The trial court
did not rule on this motion.  On December 8, 2010, appellant filed its notice
of appeal.

Section 51.014(a)(8)
of the civil practice and remedies code permits an interlocutory appeal from an
order that grants or denies a plea to the jurisdiction by a governmental unit. 
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon 2008).  Appeals from interlocutory
orders, when allowed by statute, are accelerated appeals.  Tex. R. App. P. 28.1.  In order to
perfect an accelerated appeal of an interlocutory order, the party is required
to file a notice of appeal “within 20 days after the judgment or order is
signed.”  Id. at R. 26.1(b).  The filing of a motion for new trial,
request for findings of fact and conclusions of law, or any other post-judgment
motion, except for a motion for extension of time filed under Texas Rule of
Appellate Procedure 26.3, “will not extend the time to perfect an accelerated
appeal.”  Id. at R. 26.3, 28.1(b).

The trial court’s
order was signed on September 9, 2010.  Under the civil practice and remedies
code, the order was subject to an accelerated interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8).  Accordingly, appellant was required to file its notice of
accelerated appeal within twenty days of the trial court’s September 9, 2010
order.  The record does not reflect that appellant filed a motion for extension
of time under Texas Rule of Appellate Procedure 26.3.  See id. at R.
26.3; see also Houser v. McElveen, 243 S.W.3d 646, 646-47 (Tex. 2008)
(stating that a notice of appeal should be considered timely if filed within
fifteen days after the filing deadline and accompanied by a motion for
extension of time with a reasonable explanation  for the delay).  In addition,
appellant’s motion for rehearing or new trial does not extend the time to file
the notice of appeal in an accelerated interlocutory appeal.  See In re
K.A.F., 160 S.W.3d 923, 927-28 (Tex. 2005) (stating that: “a court of
appeals has jurisdiction over an appeal if the appellant timely files an
instrument in a bona fide attempt to invoke the appellate court’s jurisdiction”;
(2) the filing of “the post-judgment motions listed in Texas Rule of Appellate
Procedure 26.1(a) will not operate to extend the appellate deadline”; and (3) “[a]llowing
such post-order motions to automatically delay the appellate deadline is simply
inconsistent with the idea of accelerating the appeal in the first place.”).

We are to construe the rules of appellate
procedure reasonably and liberally so that the right to appeal is not lost by
imposing requirements not absolutely necessary to effectuate the purpose of a
rule.  See Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997).  Nevertheless,
we are prohibited from enlarging the scope of our jurisdiction by enlarging the
time for perfecting an appeal in a civil case in a manner not provided for by
rule.  See Tex. R. App. P.
2; In re T.W., 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.).  Because appellant’s notice of appeal was untimely, appellant has
failed to perfect its appeal and we therefore lack jurisdiction over the appeal.
 See In re K.A.F., 160 S.W.3d at 928; Fed. Mut. Ins. Co., Inc. v.
Davenport, 85 S.W.3d 837, 839 (Tex. App.–Waco 2002, no pet.).  Accordingly,
we GRANT the District’s motion to dismiss and DISMISS the appeal for
want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

 

 

                                                                                                PER
CURIAM

 

 

Delivered and filed the

3rd day of March, 2011.