

NUMBER 13-10-00675-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

ACTION RESTORATION, INC.,                                    APPELLANT

v.

KINGSVILLE INDEPENDENT SCHOOL DISTRICT,          APPELLEE.

On Appeal from the 105th District Court
of Kleberg County, Texas.

MEMORANDUM OPINION

Before Justices Garza, Benavides, and Vela
Per Curiam Memorandum Opinion

Appellant, Action Restoration, Inc. appeals an order granting Kingsville Independent School District's plea to the jurisdiction. Currently pending before the Court is the "Motion to Dismiss for Lack of Jurisdiction" filed by the Kingsville Independent School District (the "District"). More than ten days have passed since this

motion was filed and appellant has not filed a response. *See* TEX. R. APP. P. 10.3(a). We dismiss the appeal for lack of jurisdiction.

This appeal arises from a lawsuit filed by appellant against the District for breach of contract and quantum meruit. The District filed a plea to the jurisdiction maintaining that it was immune from suit against all of appellant's claims. By written order signed on September 9, 2010, the trial court sustained the District's plea and dismissed the cause. On October 8, 2010, appellant filed a "Motion for Rehearing, or in the Alternative, a Motion for New Trial." The trial court did not rule on this motion. On December 8, 2010, appellant filed its notice of appeal.

Section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008). Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. TEX. R. APP. P. 28.1. In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

The trial court's order was signed on September 9, 2010. Under the civil practice and remedies code, the order was subject to an accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Accordingly, appellant was required to file its notice of accelerated appeal within twenty days of the trial court's September

2

9, 2010 order. The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3. *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay). In addition, appellant's motion for rehearing or new trial does not extend the time to file the notice of appeal in an accelerated interlocutory appeal. *See In re K.A.F.*, 160 S.W.3d 923, 927-28 (Tex. 2005) (stating that: "a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"; (2) the filing of "the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline"; and (3) "[a]llowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place.").

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.,* 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). Because appellant's notice of appeal was untimely, appellant has failed to perfect its appeal and we therefore lack jurisdiction over the appeal. *See In re K.A.F.*, 160 S.W.3d at 928; *Fed. Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 839 (Tex.

3

App.–Waco 2002, no pet.). Accordingly, we GRANT the District's motion to dismiss and

DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


PER CURIAM


Delivered and filed the
3rd day of March, 2011.