

NUMBER 13-15-00035-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| BERNADETTE MORALES AND SANDRA GONZALEZ, | Appellants, |
| v. | |
| OMAR H. SAENZ, ELIZABETH M. SAENZ, MARGARITA LOPEZ PEREZ, AND ALFREDO MORALES, | Appellees. |

### On appeal from the 139th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam

Appellants, Bernadette Morales and Sandra Gonzalez, attempted to perfect an

appeal from an order denying an application for temporary injunction entered by the 139th

District Court of Hidalgo County, Texas, in cause number C-6646-14-C. We dismiss for want of jurisdiction.

By written order signed on December 23, 2014, the trial court denied appellant's application for temporary injunction. Appellants filed a request for findings of fact and conclusions of law on December 23, 2014. Notice of appeal was filed on January 20, 2015. On January 22, 2015, the Clerk of this Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellants failed to respond to the Court's notice.

Section 51.014(a)(4) of the civil practice and remedies code permits an interlocutory appeal from an order that grants or refuses a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. TEX. R. APP. P. 28.1. In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

The trial court's order was signed on December 23, 2014. Under the civil practice and remedies code, the order was subject to an accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Accordingly, appellants were required to file their notice of accelerated appeal within twenty days of the trial court's December

23, 2014 order.  The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3.  *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646–47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay).

Because appellant's notice of appeal was untimely, appellants have failed to perfect their appeal and we therefore lack jurisdiction over the appeal.  *See In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005); *Fed. Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 839 (Tex. App.—Waco 2002, no pet.).  Accordingly, we DISMISS the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).


PER CURIAM


Delivered and filed the
26th day of February, 2015.

3