

# NUMBER 13-15-00171-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**P. PALIVELA RAJU, M.D.,**         **Appellant,**

**v.**

**DIANNE JACKSON,**         **Appellee.**

### On appeal from the 23rd District Court
### of Matagorda County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, P. Paivela Raju, M.D. attempts to perfect an appeal from an order denying his motion to dismiss entered by the 23rd District Court of Matagorda County, Texas, in cause number 14-E-0190.   We dismiss for want of jurisdiction.

By written order signed on March 2, 2015, the trial court denied appellant's motion to dismiss pursuant to Section 74.351(b) of the Texas Civil Practice and Remedies Code.

*See* Tex. Civ. Prac. & Rem. Code § 74.351.  Notice of appeal was filed on March 26, 2015.  On April 7, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected.  Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.  Appellant has failed to respond to the Court's notice.

Section 51.014 of the Texas Civil Practice and Remedies Code provides for an appeal of interlocutory orders in medical liability cases when the trial court denies relief sought by a motion under section 74.351(b).  *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(9) (Vernon 2008).  Appeals from interlocutory orders, when allowed by statute, are accelerated appeals.  TEX. R. APP. P. 28.1.  In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed."  *Id.* at R. 26.1(b).  The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal."  *Id.* at R. 26.3, 28.1(b).

The trial court's order was signed on March 2, 2015.  Under the civil practice and remedies code, the order was subject to an accelerated interlocutory appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9).  Accordingly, appellant was required to file his notice of accelerated appeal within twenty days of the trial court's March 2, 2015 order. The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3.  *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered

2

timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay).

Because appellant's notice of appeal was untimely, appellant has failed to perfect his appeal and we therefore lack jurisdiction over the appeal. *See In re K.A.F.*, 160 S.W.3d at 928; *Fed. Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 839 (Tex. App.–Waco 2002, no pet.). Accordingly, we DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
30th day of April, 2015.