COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, | § | |
| | | No. 08-24-00353-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 171st District Court |
| | § | |
| RALPH MIRANDA and SAUL | | of El Paso County, Texas |
| ALFONSO PAZ, | § | |
| Appellees. | § | (TC# 2024DCV0506) |
| | § | |

## MEMORANDUM OPINION

Appellant Nationstar Mortgage, LLC filed this restricted appeal seeking to appeal from the trial court's order granting Appellees Ralph Miranda and Saul Alfonso Paz a permanent injunction. Appellees filed a motion to dismiss, maintaining that the permanent injunction order is an interlocutory order over which we have no jurisdiction. We agree and dismiss this appeal for want of jurisdiction.

## I. BACKGROUND

Appellees sought a judicial declaration from the trial court that Appellant and Beverly Mitrisin failed to comply with foreclosure sale requirements concerning the real property located

on Mount Whitney in El Paso County (the Property). They also requested injunctive relief restraining Nationstar from directly or indirectly selling or disposing of the Property as well as attorney's fees.

The trial court granted Appellees an ex-parte temporary restraining order pending trial. Appellant filed a general denial and affirmative defenses. Following a hearing at which Appellant did not appear, the trial court granted Appellees' request for a permanent restraining order.

On May 1, 2024, the signed judgment granting permanent injunction was filed, enjoining Appellant and Mitrisin from foreclosing on, selling, disposing, or otherwise interfering with the Property. On October 21, 2024, Appellant filed a notice of restricted appeal.

## II. MOTION TO DISMISS

Section 51.012 of the Civil Practice and Remedies Code vests this Court with jurisdiction over an appeal by "writ of error." *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012. Section 51.012 states in pertinent part, "a person may take [a] writ of error to the court of appeals from a *final judgment* of the district or county court." *Id.* (emphasis added). The Texas Supreme Court, pursuant to its procedural rule-making authority, has established the procedures required to perfect what the appellate rules now refer to as a "restricted appeal." *See* Tex. R. App. P. 25.1(d)(7), 26.1(c), 30. "Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals." Tex. R. App. P. 30.

"[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The May 1 order neither contains finality language nor disposes of Appellees' claims for declaratory judgment and attorney's fees. *Id.*; *James v. Hubbard*,

985 S.W.2d 516, 517 (Tex. App.—San Antonio 1998, no pet.) (stating an order granting a permanent injunction is appealable unless issues or parties remain undisposed).

Because the order was not a final judgment, we have no jurisdiction over Appellant's restricted appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012; *Federated Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 838–39 (Tex. App.—Waco 2002, no pet.) (mem. op.) (dismissing restricted appeal after concluding the order appealed was interlocutory).

Accordingly, we grant Appellees' motion and dismiss the appeal for want of jurisdiction. Costs will be taxed against Appellant.


LISA J. SOTO, Justice

March 5, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.