Opinion issued June 24, 2025.



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00680-CR

————————————

**HELEN MAYFIELD, Appelant**

**V.**

**RICHARD WORTHEN, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-70163**

## MEMORANDUM OPINION

Appellant Helen Mayfield brings a restricted appeal challenging a summary judgment rendered against her in a lawsuit filed by Appellee Richard Worthen.

Mayfield sued Appellee Richard Worthen for breach of contract and quantum meruit. Worthen answered and asserted affirmative defenses to Mayfield's claims.

He also asserted counterclaims against Mayfield for violations of the Deceptive Trade Practices Act, statutory fraud, common law fraud, and fraudulent inducement.

Worthen filed a hybrid motion for traditional and no-evidence summary judgment in which he moved for no-evidence summary judgment on Mayfield's claims for breach of contract and quantum meruit and traditional summary judgment on his affirmative defenses to Mayfield's claims. On February 14, 2023, the trial court signed an "Order on Defendant's Motion for Summary Judgment," stating in its entirety: "Defendant Worthen's Motion for Summary Judgment is granted." Mayfield filed this restricted appeal from the trial court's February 14, 2023 order.

We generally have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also, e.g.*, TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders). A judgment issued without a conventional trial is final for appeal only if it actually disposes of all claims and parties then before the court, regardless of its language, or states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93, 200 (Tex. 2001). We lack jurisdiction over appeals of summary judgment orders that do not dispose of all claims against all parties or "contain finality language that could turn an otherwise interlocutory order into a final judgment." *See Falkenhorst v. Metro. Escrow & Title, LLC*, No. 01-22-

00370-CV, 2023 WL 2576452, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2023, no pet.) (mem. op.) (dismissing appeal from order granting summary judgment that neither disposed of all parties and claims nor contained finality language).

There is no statutory authority for judicial review of an interlocutory order by restricted appeal. *See Huett v. Lloyd*, No. 01-13-00420-CV, 2014 WL 1803236, at *1 (Tex. App.—Houston [1st Dist.] May 6, 2014, no pet.) (mem. op.) (dismissing restricted appeal of interlocutory order for lack of jurisdiction); *see also Federated Mut. Ins. Co., Inc. v. Davenport*, 85 S.W.3d 837, 838–39 (Tex. App.—Waco 2002, no pet.) (dismissing restricted appeal of interlocutory order for lack of jurisdiction).

On May 22, 2025, this Court informed Mayfield that it appeared we lacked jurisdiction over her restricted appeal because the order from which she appeals appears to be interlocutory in nature. We indicated that unless she filed a supplemental clerk's record with documents establishing that all claims against all parties have been resolved in the underlying litigation, including Worthen's counterclaims against Mayfield, and that the summary judgment order from which she appeals is a final judgment, or filed a response demonstrating by citation to the law why this Court had jurisdiction over her appeal, this Court would dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Mayfield responded to our notice but did not establish that the order from which she appeals is a final judgment. We thus lack jurisdiction over her restricted appeal.

We dismiss the appeal for want of jurisdiction.  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.