**Dismissed and Memorandum Opinion filed November 3, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00243-CV

## EX PARTE Z.Q., Appellant

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0000-86707**

## M E M O R A N D U M   O P I N I O N

Appellant Z.Q. attempts to appeal an order in which the juvenile court denied his post-adjudication application for writ of habeas corpus without issuing the writ of habeas corpus or addressing the merits of his request for habeas corpus relief. The State asserts that this court lacks appellate jurisdiction because this order is not an appealable order. We dismiss for want of appellate jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

When Z.Q. was a juvenile, he received an adjudication of delinquent conduct for committing both a capital murder and an attempted capital murder, for

which he received two determinant sentences of 40 years. Z.Q. was initially placed in the custody of the Texas Youth Commission ("TYC").

In 1997, the juvenile court determined that Z.Q. should be transferred from the TYC to the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") to complete his sentences. Z.Q. is currently serving his 40-year determinate sentences in the custody of TDCJ-CID.

His initial parole review date was in May of 2014. In conducting its parole vote, the Texas Board of Pardons and Paroles (the "Board") used the extraordinary vote provisions of section 508.046 of the Government Code, which, for release, requires that at least two-thirds of the members of the Board vote in favor of release.[1] None of the seven board members voted to release Z.Q. The Board set his next parole review for June of 2017.

In July 2015, Z.Q. filed an original application for writ of habeas corpus in the original juvenile court, pursuant to article V, section 8 of the Texas Constitution[2] asserting that the Board violated his constitutional right to due process by misapplying the Government Code provisions governing parole panels and votes. He argued that the Board erred in determining his parole under section 508.046, which requires a two-thirds majority vote of the entire Board if the inmate was convicted of an offense under certain sections of the Penal Code.[3] Z.Q. argued that section 508.046 did not apply to him because he was adjudicated for capital murder, not "convicted" of that offense, and therefore is not a convicted capital felon. Z.Q. argued that he instead is entitled to have his parole determined by a simple majority vote of a three-member panel as provided for by Government

---

[1] *See* Tex. Gov. Code § 508.046 (West, Westlaw through 2021 C.S.).

[2] *See* Tex. Const. art. V, § 8.

[3] *See* Tex. Gov. Code § 508.046.

2

Code section 508.045.[4]

The juvenile court granted habeas corpus relief in favor of Z.Q. ordering the Board to: (1) not subject Z.Q.'s parole determination to the extraordinary vote provisions of Texas Government Code § 508.046; and (2) proceed to have his parole determination made by a standard three-member parole panel under Texas Government Code § 508.45.

In a mandamus proceeding filed by the Board, this court concluded that (1) the Board's alleged misapplication of Government Code section 508.046 did not constitute a violation of Z.Q.'s constitutional rights for which habeas relief is available; and (2) because Government Code section 508.045 does not create a liberty interest that is cognizable on habeas corpus review, the juvenile court abused its discretion in granting habeas corpus relief.[5] This court directed the juvenile court to vacate its order granting habeas corpus relief.[6]

In July 2017, the Board again reviewed Z.Q.'s parole eligibility under the extraordinary vote provisions of Government Code section 508.046 and again denied Z.Q. release on parole. In July 2020, the Board reviewed Z.Q.'s parole eligibility under Government Code section 508.046 and again denied Z.Q. release on parole. In November 2020, Z.Q. filed an application for a writ of habeas corpus in the juvenile court, pursuant to article V, section 8 of the Texas Constitution and Family Code section 56.01(o). Z.Q. again asked the juvenile court to enter an order granting habeas relief and prohibiting the Board from using the extraordinary vote provisions of Government Code section 508.046 to assess Z.Q.'s parole eligibility

---

[4] *See* Tex. Gov. Code § 508.045 (West, Westlaw through 2021 C.S.).

[5] *See In re Texas Board of Pardons and Paroles*, 495 S.W.3d 554, 560–63 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]).

[6] *See id.*

because Z.Q. was adjudicated for capital murder, not "convicted" of that offense. The State responded in opposition. On April 6, 2021, the juvenile court signed an order denying Z.Q.'s habeas corpus application "without issuing the writ or hearing on the merits" (the "Order").

Z.Q. timely filed a notice of appeal and seeks to appeal the Order.

## II. ANALYSIS

**Does this court have appellate jurisdiction to review the Order?**

The State argues that this court lacks appellate jurisdiction over the Order because the juvenile court denied Z.Q.'s habeas corpus application without issuing a writ of habeas corpus and without considering or resolving the merits of the application. Therefore, we first determine whether we have appellate jurisdiction.

Although quasi-criminal in nature, proceedings in juvenile court are considered civil cases; thus, the Supreme Court of Texas, rather than the Court of Criminal Appeals, is the Texas court of last resort for such matters. *In re M.P.A.*, 364 S.W.3d 277, 282 n.2 (Tex. 2012). The Court of Criminal Appeals has determined that it lacks jurisdiction to issue extraordinary writs in such cases, even those initiated by a juvenile offender who has been transferred to the Texas Department of Criminal Justice because he is now an adult. *Id*. It is the applicant's age at the time he commits the delinquent acts that determines jurisdiction, rather than his age when applying for habeas corpus relief. *Id*. Thus, though an application for a writ of habeas corpus is not a normal civil suit, the proceedings regarding Z.Q.'s habeas corpus application and his attempted appeal from the Order are considered to be civil. *See id*.; *See In re Texas Board of Pardons and Paroles*, 495 S.W.3d 554, 558 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]).

4

People who were children when they engaged in delinquent conduct and were adjudicated by a juvenile district court as having engaged in delinquent conduct may file in a juvenile district court an application for a writ of habeas corpus under article V, section 8 of the Texas Constitution, which gives juvenile district courts plenary power to issue the writ of habeas corpus. *See In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009); *In re Z.Q.*, No. 14-12-01109-CV, 2013 WL 55991, at *1 (Tex. App.—Houston [14th Dist.] Jan. 3, 2013, orig. proceeding) (mem. op.). There is an important distinction between the issuance of a writ of habeas corpus and the granting of habeas corpus relief based on a claim set forth in a habeas corpus application. *See Ex parte Bowers*, 36 S.W.3d 926, 926 (Tex. App.—Dallas 2001, pet. ref'd). A writ of habeas corpus does not grant substantive relief; rather the writ is an order issued by a court or judge of competent jurisdiction, directed to the person having the applicant in custody, or under restraint, commanding the person to produce the applicant, at a time and place named in the writ, and show why the applicant is held in custody or under restraint. *See Ex parte Walker*, 489 S.W.3d 1, 7 (Tex. App.—Beaumont 2016, pet. ref'd).

The Supreme Court of Texas, this court, and sister courts of appeals have exercised appellate jurisdiction over appeals from an order in which a juvenile court ruled on the merits of a claim in a post-adjudication application for a writ of habeas corpus. *See In re M.P.A.*, 364 S.W.3d 277, 281–82, 292 (Tex. 2012); *In re Z.Q.*, No. 14-12-00129-CV, 2013 WL 176116, at *1 (Tex. App.—Houston [14th Dist.] Jan. 17, 2013, no pet.) (mem. op.); *Ex parte Gardner*, No. 10-15-00372-CV, 2016 WL 5944764, at *1–3 (Tex. App.—Waco Oct. 12, 2016, pet. denied) (mem. op.); *In re J.W.A.*, No. 03-03-00464-CV, 2005 WL 2574024, at *3 & n.4 (Tex. App.—Austin Oct. 13, 2005, no pet.) (mem. op.). However, there is no right of appeal from an order in which a juvenile court denies an applicant's habeas corpus

5

application without issuing a writ of habeas corpus and without addressing the merits of any claim in the application. *See Ex parte Villanueva*, 252 S.W.3d 391, 393–94 (Tex. Crim. App. 2008); *Ex parte T.W.A.*, No. 10-22-00022-CV, 2022 WL 3655150, at \*2 (Tex. App.—Waco Aug. 24, 2022, no pet.) (mem. op.); *Ex parte Miller*, No. 09-08-00194-CV, 2008 WL 5780816, at \*1–2 (Tex. App.—Beaumont Apr. 2, 2009, no pet.) (mem. op.). We therefore examine whether the juvenile court issued a writ of habeas corpus and whether the juvenile court addressed the merits of a claim in Z.Q.'s habeas application. *See Ex parte Villanueva*, 252 S.W.3d at 393–94; *Ex parte T.W.A.*, 2022 WL 3655150, at \*2; *Ex parte Miller*, 2008 WL 5780816, at \*1–2. We review the entire appellate record for this determination. *See Ex parte Bowers*, 36 S.W.3d at 926.

Z.Q. suggests that this court has appellate jurisdiction based on the Supreme Court of Texas's opinion in *Harbison v. McMurray*. *See* 158 S.W.2d 284, 286–88 (Tex. 1942). Though the *Harbison* court concluded that the Court of Civil Appeals had jurisdiction over an appeal from the denial of habeas corpus relief, the trial court in that case ruled on the merits of the claims in the habeas corpus application; therefore the *Harbison* case is not on point. *See id*. at 286, 288. Z.Q. also cites the opinion in *In re Commitment of Richards*. *See* 202 S.W.3d 779, 788–89 (Tex. App.—Beaumont 2006, pet. denied). Though the *Richards* court concluded that it had jurisdiction over the appeal from the denial of habeas corpus relief, the trial court in that case ruled on the merits of the claims in the habeas corpus application; therefore the *Richards* case is not on point. *See id*.

Z.Q. and the State agree, and the record reflects, that in the Order the trial court denied Z.Q.'s habeas corpus application without issuing a writ of habeas corpus and without holding a hearing on the merits of the application. After reviewing the entire appellate record, we conclude that the juvenile court denied

Z.Q.'s habeas corpus application without issuing a writ of habeas corpus and without addressing the merits of any claim in Z.Q.'s habeas corpus application. Therefore, the Order is not an appealable order, and this court lacks jurisdiction to consider appellant's appeal. *See Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); *Ex parte Miller*, 2008 WL 5780816, at *1–2; *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Ex parte Bowers*, 36 S.W.3d at 926.

### III. CONCLUSION

We conclude that we do not have appellate jurisdiction to review the Order. We order the appeal dismissed for lack of appellate jurisdiction.


/s/     Randy Wilson
Justice

Panel consists of Justices Wise, Poissant, and Wilson.