Opinion filed February 15, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00224-CR
_____

**JOHN FRANKIE SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 23352-B**

## M E M O R A N D U M   O P I N I O N

Appellant, John Frankie Smith, was convicted of an offense under Section 43.26 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 43.26 (West Supp. 2023) (Possession or Promotion of Child Pornography). Appellant entered an open plea of "no contest" and waived his right to a jury trial. The trial court found Appellant guilty and sentenced him to five years of imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). Although Appellant was indicted for and pled no contest to the third-degree felony offense of

possession of child pornography as described in Section 43.26(a), the judgment of conviction incorrectly reflects that the statute for the offense is Section 43.26(g), the punishment provision for *promotion* or possession *with intent to promote* child pornography, and that the degree of the offense is a second-degree felony. *See id.* § 43.26(a), (d)–(e), (g). On appeal, Appellant contends that his plea was not knowingly and voluntarily made because "the admonitions were not correct and while he pled to one crime, he was sentenced to another." We modify and affirm.

*Factual and Procedural History*

In January 2022, Appellant was indicted for possession of child pornography. Tracking the language of Section 43.26(a), the indictment reads as follows:

> [O]n or about the 27th day of May, 2021 and anterior to the presentment of this indictment, in the County and State aforesaid, JOHN FRANKIE SMITH did then and there intentionally and knowingly possess visual material that visually depicted, and which the said JOHN FRANKIE SMITH knew visually depicted a child who was younger than eighteen (18) years of age at the time the image of the child was made, engaging in sexual conduct, namely lewd exhibition of the genitals[.]

*See* PENAL CODE § 43.26(a).

Five months later, the trial court held Appellant's plea hearing. At the plea hearing, Appellant waived a reading of the indictment, and the trial court proceeded to admonish defendant on the range of punishment for the indicted offense following the language of 43.26(a) and (d), not subsections (e) or (g):

> THE COURT: All right. [Appellant], you're charged in this indictment with the offense of possession of child pornography. It's a third-degree felony. That means that it's punishable by not less than two years and not more than ten years in prison and up to a $10,000 fine.
>
> Do you understand what you're charged with and the range of punishment?

THE DEFENDANT: Yes, sir.

THE COURT: And to the indictment, how do you wish to plead?

THE DEFENDANT: I did it.

. . . .

THE COURT: Okay. And now I'll ask you again, how do you wish to plead to this indictment?

THE DEFENDANT: I'm guilty.

After a brief exchange with his lawyer, Appellant pleaded no contest to the indictment.

In conjunction with his open plea, Appellant signed written plea admonishments, a waiver as to his appellate rights except as to punishment, and a judicial confession. The written plea admonishments contained conflicting information regarding the offense of conviction. For example, at the top of the typewritten plea admonishments, the offense charged is handwritten in cursive as "Possession of Child Pornography," but the offense code is handwritten as "Penal Code § 43.26(g)". Ranges of punishment are provided with checkboxes for an individual to indicate which punishment range applies to the offense of conviction. Initially, the box for a second-degree felony was marked, however, that checkmark is fully scratched over and the box for a third-degree felony is marked.[1] The punishment range indicated corresponds with the trial court's admonishment on the record regarding the degree of the indicted offense, a third-degree felony, and the range of punishment for the indicted offense, two to twenty years in TDCJ. *See*

---

[1] In the admonishments, as in the Penal Code, the punishment range for a second-degree felony is imprisonment for a term of not more than twenty years or less than two years in TDCJ and up to a $10,000 fine, and the punishment range for a third-degree felony is imprisonment for a term of not more than ten years or less than two years in TDCJ and up to a $10,000 fine. PENAL §§ 12.33, 12.34 (West 2019).

PENAL § 43.26(a), (d). Appellant stated that he reviewed and understood the written plea admonishments, affirmed that he was pleading freely and voluntarily, and expressly waived various rights. When the State offered Appellant's judicial confession into evidence, Appellant confirmed that his signed judicial confession was true. At the end of the plea hearing, the trial court ordered a presentence investigation report (PSI) and stated that it would set the sentencing hearing for a later date.

At the sentencing hearing, the trial court took judicial notice of the PSI and made it part of the record. Both parties relied on the PSI rather than presenting testimony at the hearing. After hearing argument from both sides, the trial court found Appellant guilty of possession of child pornography and sentenced him to five years of imprisonment:

> THE COURT: All right. I've considered the Presentence Investigation Report and all the arguments presented. At this time, [Appellant], you pled no contest, and based on that plea of no contest, I find you guilty of the offense of possession of child pornography, and I sentence you to five years in the Texas Department of Criminal Justice-Institutional Division. I order you to pay a $1,000 fine and court costs.

At no time did the parties or the trial court state that Appellant was indicted for or pled no contest to promotion or to possession with intent to promote child pornography. However, the written judgment lists the statute for the offense as Section 43.26(g), promotion of child pornography or possession with intent to promote the material, and the degree of the offense as a second-degree felony.

*Standard of Review and Applicable Law*

In his sole issue, Appellant argues that his plea was not knowingly or voluntarily made because the trial court's admonishments "were not correct and while he pled to one crime, he was sentenced to another." In this regard, Appellant

4

contends that, notwithstanding the fact that the written admonishments described the appropriate range of punishment and contained the appropriate type of felony for an offense under Section 43.26(a), Appellant "could not have been fully aware of the consequences of his plea because his [written] admonitions . . . described . . . the wrong statute, the judgment lists the wrong statute, and he was not admonished as to possession of child pornography under [Section] 43.26(a)." Appellant prays that we reverse and remand "for new proceedings" but, in the alternative, he requests that we remand the case to the trial court and direct it to take a series of actions, including "perform a sentencing that correctly highlights [Section] 43.26(a)." The State asserts that, when a judgment does not reflect the correct statutory offense, the appropriate remedy is to reform the judgment.

We construe Appellant's argument solely as an argument that the plea was not freely and voluntarily made under Article 26.13(b), as he has made no argument contesting the constitutional voluntariness of the plea. *See Gardner v. State*, 164 S.W.3d 393, 398 (Tex. Crim. App. 2005) ("Whether a trial court has complied with Article 26.13 and whether it has complied with *Boykin* are two separate issues."). A guilty plea must be entered into freely and voluntarily. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2023); *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Anderson v. State*, 182 S.W.3d 914, 921 n.1 (Tex. Crim. App. 2006) (Hervey, J., concurring)). "The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record." *Jones v. State*, 600 S.W.3d 94, 99 (Tex. App.—Dallas 2020, pet. ref'd). "A defendant's plea can be involuntary if he has an incomplete understanding of the charge against him." *McGowin v. State*, 912 S.W.2d 837, 839 (Tex. App.—Dallas 1995, no pet.) (citing *Alexander v. State*, 868 S.W.2d 356, 360 (Tex. App.—Dallas 1993, no pet.)).

Article 26.13 of the Texas Code of Criminal Procedure sets forth the requirements for a plea of guilty or no contest. CRIM PROC. art. 26.13. Article 26.13(a) requires six admonishments, none of which includes being admonished as to the specific statute of conviction:

(1) the range of punishment attached to the offense;

(2) the fact that any sentencing recommendation made by the State is not binding on the trial court;

(3) the fact that, if the punishment assessed does not exceed the recommendation made by the State as agreed to by the defendant and his or her attorney, the defendant may only appeal with the trial court's permission "except for those matters raised by written motions filed prior to trial";

(4) the fact that immigration consequences may result if the defendant is not a citizen of the United States;

(5) the fact that the defendant will need to meet the registration requirements of Chapter 62 if he or she is convicted of or placed on deferred adjudication for an offense that requires registration as a sexual offender; and

(6) the fact that, if the defendant is placed on community supervision and satisfactorily fulfills its conditions, the court is authorized, on the expiration of the community supervision period, to exercise judicial clemency pursuant to Article 42A.701(f) of the Texas Code of Criminal Procedure.

*Id.*; *Shoemaker v. State*, No. 11-15-00107-CR, 2017 WL 1957636 at *2 (Tex. App.—Eastland May 11, 2017, no pet.).

These admonishments may be given orally or in writing; if they are given in writing, the trial court must receive a statement signed by the defendant and the defendant's attorney that the defendant understands the admonishments and is aware of the consequences of the plea. CRIM. PROC. art. 26.13(d). Substantial compliance with article 26.13(a) creates a prima facie showing that an appellant's plea was entered knowingly and voluntarily. *Id.* art. 26.13(c); *Martinez v. State*, 981 S.W.2d

6

195, 197 (Tex. Crim. App. 1998). To challenge this prima facie showing, the defendant must demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez*, 981 S.W.2d at 197 (citing *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985)). "A defendant who attests during the initial plea hearing that his plea is voluntary bears a 'heavy burden' to prove in a subsequent hearing that he entered the plea involuntarily." *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd).

*Analysis*

Appellant contends that improper admonishments and him pleading "to one crime [but being] sentenced to another" rendered his plea involuntary. After reviewing the record, we conclude that the trial court properly admonished Appellant pursuant to Article 26.13(a), and that Appellant was properly sentenced pursuant to section 43.26(a) following his plea to that third-degree felony offense as charged in the indictment. Contrary to Appellant's assertion, Appellant was not admonished as to 43.26(g)—the trial court stated that the indicted offense, as described by Section 43.26(a), is possession of child pornography and is a third-degree felony that carries a punishment range of two to ten years in TDCJ. The trial court sentenced Appellant to five years' imprisonment, which is within the range of punishment for the third-degree felony offense. The trial court appropriately did not discuss or admonish Appellant regarding the range of punishment for a second-degree felony, and the trial court did not mention or discuss subsection (g), which is the punishment provision that relates to promotion of child pornography as described in Section 43.26(e).

The trial court's admonishments complied with article 26.13(a). As marked, Appellant was admonished in writing as to the proper range of punishment for the indicted offense, possession of child pornography under Section 43.26(a). The trial

7

court also orally admonished Appellant about possible deportation consequences, and the requirement that Appellant register as a sex offender. In addition to these oral admonitions, Appellant's written plea admonitions covered each of the six subsections under article 26.13(a), including signed statements that complied with article 26.13(d). These signed, written waivers included the phrase "I fully understand each of the above written plea admonishments given by the Court and I have no questions."

Appellant contends that the alleged error cannot be cured with a nunc pro tunc judgment. In this regard, Appellant notes clerical errors in three documents. First, Appellant points to the written plea admonishments, on which the incorrect statute for the indicted offense is handwritten. Second, he claims that the PSI reflects the incorrect offense. Third, Appellant cites to the written judgment, which, as we have said, lists the incorrect statute and the wrong degree of the offense.

With respect to the PSI, Appellant's arguments are misplaced because it clarifies that irrespective of the offense for which Appellant was originally arrested, he was later indicted for possession of child pornography.[2] Importantly, the discrepancies in the written judgment do not supplant the trial court's correct oral pronouncement at trial. A written judgment is not itself the conviction; it is a memorialization of the prior proceedings in open court. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Where the written judgment differs from the oral pronouncement, the oral pronouncement controls. *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018). Here, the written judgment contains two variances from the oral pronouncement. First, "43.26(g) Penal Code" is listed under "Statute

---

[2] Because the PSI was submitted to this court in a sealed clerk's record, we refrain from discussing it in detail.

for Offense." Second, "Second Degree Felony," consistent with the degree of felony for a 43.26(g) offense, is listed under "Degree of Offense." These variances conflict with what occurred at the sentencing hearing. At the sentencing hearing, Appellant pled "no contest" to possession of child pornography, a third-degree felony, as charged in the indictment. The trial court did not mention possession with intent to promote the material or subsections 43.26(e) or (g). Nor did the trial court say anything that suggested Appellant faced a second-degree felony or advise Appellant of the range of punishment for a second-degree felony.

Considering the totality of the circumstances, viewed in light of the entire record, we conclude that the discrepancies in the written judgment are clerical errors. When we have the information to do so, this Court has the power to modify the judgment of the trial court to make the record speak the truth. *See* TEX. R. APP. P. 43.2(b); *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform what a trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). This court's power to modify a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30; *see Baker v. State*, No. 07-18-00366-CR, 2019 WL 2147575 at *2 (Tex. App.—Amarillo May 16, 2019, pet. ref'd) (mem. op., not designated for publication) (reforming the judgments to refer to the correct subsection in Section 43.26 that pertained to each separate offense). We overrule Appellant's sole issue to the extent that he contends that his plea was not knowingly or voluntarily made. The record here is clear—Appellant pleaded no contest to and was sentenced for the third-degree felony offense of possession of

child pornography as described in Section 43.26(a). We sustain Appellant's sole issue as to the clerical errors on the judgment and modify the judgment to correct such errors.

*This Court's Ruling*

We modify the judgment of the trial court to reflect the degree of the offense to be "Third-Degree Felony," and the "Statute for Offense" to be "43.26(a), (d) Penal Code." The trial court judgment is affirmed as modified.

W. BRUCE WILLIAMS
JUSTICE

February 15, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.